808 So.2d 572 (2001)
Louwanna Coleman JAMES
v.
FORMOSA PLASTICS CORPORATION OF LOUISIANA
No. 2000 CA 0148.
Court of Appeal of Louisiana, First Circuit.
April 25, 2001.
Rehearing Denied June 11, 2001.
Writ Denied November 9, 2001.
*573 Terry A. Bell, Metairie, for Plaintiff Appellant Louwanna Coleman James.
Gayla M. Moncla, Shannan Sweeney Rieger, Baton Rouge, for DefendantAppellee Formosa Plastics Corp. of Louisiana.
Before: CARTER, C.J., GONZALES, FOGG, FITZSIMMONS, and PETTIGREW, JJ.
FOGG, Judge.
Plaintiff, Louwanna Coleman James, appeals a judgment of the district court dismissing her action against one defendant as abandoned pursuant to LSA-C.C.P. art. 561. For the following reasons, we reverse.
On June 7, 1993, plaintiff brought this suit against Formosa Plastics Corporation of Louisiana, XYZ Insurance Company, and West-Paine Laboratories, Inc., claiming she sustained injuries as a result of her exposure to a hazardous material. On March 23, 1995, the trial court rendered judgment, dismissing West-Paine Laboratories. Plaintiff appealed that judgment to the First Circuit Court of Appeal, which rendered judgment on April 4, 1996. Then, plaintiff applied for a writ of certiorari to the Louisiana Supreme Court on May 2, 1996. West-Paine Laboratories filed an opposition to the application on May 17, 1996. On November 22, 1996, the supreme court denied the application for writs. On December 12, 1996, the order denying writs was filed with the district court by the supreme court.
On June 1, 1999, Formosa filed a motion to dismiss on the ground of abandonment under LSA-C.C.P. art. 561. On September 10, 1999, the trial court granted the motion, dismissing plaintiff's claims against Formosa. Plaintiff now appeals.
Louisiana Code of Civil Procedure article 561[1], governing abandonment, provides, in pertinent part:

*574 A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ....
. . . .
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
. . . .
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
The instant case presents a procedural history not yet reviewed under these provisions. During the period that Formosa contends the claim against it was abandoned in the trial court, part of the case was on appeal. Therefore, the trial court was divested of jurisdiction over all matters reviewable under the appeal and retained jurisdiction only over those matters not reviewable under the appeal. LSA-C.C.P. art. 2088. Formosa contends, in essence, that the trial court's lack of jurisdiction over all matters in this action did not impede the running of the abandonment period as to the defendants remaining within the jurisdiction of the trial court. We disagree.
Louisiana Code of Civil Procedure article 561 contains provisions that address the abandonment of an action in the trial court and the abandonment of a case on appeal, and provides differing rules for each. Section A, which applies to abandonment in the trial court, is operative when the parties to an action fail to take a step in the prosecution or defense of the action in the trial court for a period of three years. In order for the parties to fail to take an action in the trial court, they must have the power to do so. If the trial court does not have jurisdiction over the entire case, some actions on the part of some parties are precluded and possibly all actions by certain parties are precluded. Such a reading of these provisions could result in defendants remaining under the jurisdiction of the trial court benefiting from the abandonment statute to the disadvantage of other defendants who, due to an appeal, could neither prevent the abandonment nor take part in it. Such would be a clearly absurd result. Reading the statute as a whole, we find that the entire case must be within the jurisdiction of the trial court for the period of abandonment to run in the trial court. Therefore, because the provisions relating to abandonment in the trial court were inapplicable during the time the judgment dismissing West-Paine Laboratories was on appeal, the trial court erred in granting Formosa's motion to dismiss.
For the foregoing reasons, we reverse the judgment of the trial court and remand the case to the trial court for further proceedings. Costs are assessed against Formosa Plastics Corporation.
REVERSED AND REMANDED.
PETTIGREW, J., concurs in the results.
GONZALES, J., dissents.
I respectfully dissent. Under La. C.C.P. arts. 1915(C) and 2088, the trial court clearly retained jurisdiction over Formosa Plastics Corporation while the appeal of the dismissal of West-Paine Laboratories, *575 Inc. was pending. See Byles Welding & Tractor v. Butts Sales, 578 So.2d 246 (La.App. 3 Cir.1991) and Welch v. Crown-Zellerbach Corporation, 365 So.2d 586 (La.App. 1 Cir.1978). The plaintiff's appeal of the judgment dismissing West-Paine Laboratories, Inc. did not preclude her from pursuing her claim against Formosa in the trial court. Thus, the plaintiffs appeal as to West-Paine Laboratories, Inc.'s dismissal did not stop the running of the three-year abandonment period applicable to plaintiffs claim against Formosa Plastics Corporation.
In 1997, the Louisiana legislature amended La. C.C.P. art.2088 to decrease the period after which abandonment occurs from five years to three years. 1997 La. Acts. No. 1221. The obvious intent of this amendment was to compress and expedite the judicial process. The majority opinion is contrary to this intent and creates a loophole that will allow great delay in any litigation wherein an appeal has been taken. It also will add further backlog to appellate court dockets that are already overcrowded.
FITZSIMMONS, J., dissents, and assigns reasons.
FITZSIMMONS, Judge, dissenting, with reasons.
The majority finds that the trial court lost jurisdiction over all matters reviewable on appeal. I agree. The dismissal of West-Paine Laboratories was reviewable on appeal. However, Formosa, and the plaintiffs "action" against Formosa, were not on appeal. The majority also finds that when the dismissal of one defendant was appealed, the trial court maintained only partial jurisdiction over the case. Without jurisdiction over the entire case, holds the majority, the prescriptive period for abandonment could not run for the remaining defendants languishing before the court below. I respectfully disagree, and dissent, for the following reasons as well as the reasons assigned by Judge Gonzales.
I do not believe that the word "action" in La. C.C.P. art. 561 was chosen to deny use of the abandonment statute when the dismissal of one of multiple defendants is appealed. La. C.C.P. art. 561 provides that "[a]n action" is abandoned for failure to prosecute for three years. A "civil action is a demand for the enforcement of a legal right," which is commenced by the filing of a pleading presenting the demand to the court. La. C.C.P. art. 421. La. C.C.P. art. 461 recognizes that there may be cumulation of several "actions" in one demand "by one or more plaintiffs against one or more defendants." It is essential to cogitate on the principle that each party's demand for enforcement of a legal right against each defendant is regarded as a separate action. However, an action may be cumulated in a single suit provided that there is a community of interest, each of the actions is within the jurisdiction of the court and at the proper venue, and all actions are mutually consistent and employ the same form of procedure. La. C.C.P. art. 463. Thus, several "actions" may be cumulated in the same judicial demand or lawsuit. Richey v. Fetty, 96-2762, pp. 7-8 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, 5, writ denied, 98-2184 (La.11/13/98), 731 So.2d 257. The fact that these actions may be cumulated does not mean that all of the actions are forever married. There is no stunning ambiguity here. Even a claim by plaintiff of solidary obligors is not sufficient unto itself to inextricably entwine the various actions so to preclude the claim of abandonment for defendants remaining before the court below. Richey, 96-2762 at pp. 10-11, 715 So.2d at 6-7.
Certainly the dismissal of West-Paine Laboratories operated to divest the trial *576 court of jurisdiction over West-Paine Laboratories and the "action" against it. However, the trial court lost no jurisdiction over Formosa and the "action" against Formosa. Formosa was not dismissed; did not appeal; and, was still before the court in the suit brought against it by the plaintiff. Nothing prevented the plaintiff from proceeding against the remaining defendant, Formosa. With jurisdiction by the trial court over the "action" against Formosa, and no impediments before the plaintiff, the prescription period for abandonment continued to run.
Under the rule created by the majority, it is now plaintiff's choice to proceed against the other defendants, or accept a judicial solvent of temporary immunity from a claim of abandonment, all the while awaiting the outcome of the appeal taken by one defendant. In essence, the majority has fashioned a new "rule" of law: the loss of jurisdiction by the trial court that stays the claim of abandonment operates as a grant of extraordinary power and control to the plaintiff. See Richey, 96-2762 at p. 6, 715 So.2d at 4-5.
The majority's concern for a defendant on appeal, who would not be a party to an abandonment claim brought by the remaining defendants below, is misplaced. West-Paine Laboratories chose to assert the peremptory exception raising the objection of prescription. The plaintiff chose to appeal the judgment granting the exception and dismissing West-Paine, but the plaintiff chose not to pursue the action against Formosa, for over three years. These paths were freely chosen by plaintiff and West-Paine Laboratories. Formosa should not be prohibited from choosing to seek an abandonment that was allowable in this case under our law.
NOTES
[1] In 1997, the Louisiana Legislature amended the abandonment statute to provide for a period of three rather than five years. The effective date of the amendment was July 1, 1998, and was specifically declared by the legislature to "apply to all pending actions." The supreme court upheld the retroactivity of the 1997 amendment in Theisges v. Boudreaux, 99-1458 (La.7/2/99), 747 So.2d 4 and Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291.