813 So.2d 335 (2002)
Louwanna Coleman JAMES
v.
FORMOSA PLASTICS CORPORATION OF LOUISIANA.
No. 2001-C-2056.
Supreme Court of Louisiana.
April 3, 2002.
*336 Deborah J. Juneau, Esq., Baton Rouge, Gayla M. Moncla, Esq., Shannan S. Reieger, Esq., Kean, Miller, Hawthorne, D'Armond, McCowan, for Applicant.
Terry A. Bell, Esq., Metairie, John B. Comish, Esq., East Baton Rouge, Larry D. Fryday, Jr., Esq., for Respondent.
KIMBALL, Justice.
We granted certiorari in this case to consider whether the abandonment period found in La. C.C.P. art. 561 was interrupted as to plaintiffs action against one defendant while plaintiff was pursuing the dismissal of a co-defendant on grounds of prescription on appeal. For the reasons that follow, we find that plaintiffs action against the defendant left in the trial court was abandoned because the trial court was divested of jurisdiction only over those issues reviewable under the appeal, nothing prevented plaintiff from pursuing the action against the defendant left in the trial court, and the parties failed to take a step in the prosecution or defense of that action for more than three years.

*337 Facts and Procedural History
On June 7, 1993, plaintiff, Louwanna Coleman James, brought this suit against Formosa Plastics Corporation of Louisiana ("Formosa") and XYZ Insurance Company for injuries she allegedly sustained as a result of her exposure to a hazardous material in the course and scope of her employment. On December 13, 1994, after this court rendered a decision in Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94), 645 So.2d 604, plaintiff amended her petition to include her employer, West-Paine Laboratories, Inc. ("West-Paine"), as a defendant, and to add a claim for exemplary or punitive damages under former La. C.C. art. 2315.3 against Formosa and West-Paine. Subsequently, West-Paine filed an exception of prescription which was granted by the trial court on March 23, 1995. On April 18, 1995, the trial court signed plaintiff's motion and order for a devolutive appeal. On April 4, 1996, the court of appeal rendered a decision affirming the trial court's judgment granting West-Paine's exception of prescription. James v. Formosa Plastics Corp. of La., 95-1794 (La.App. 1 Cir. 4/4/96), 672 So.2d 319. This court denied plaintiffs application for a writ of certiorari on November 22, 1996. James v. Formosa Plastics Corp. of La., 96-1091 (La.11/22/96), 683 So.2d 285.
Subsequently, on June 1, 1999, Formosa filed an Ex Parte Motion for Order of Dismissal of plaintiffs suit based on the ground that plaintiffs suit was abandoned pursuant to La. C.C.P. art. 561. On September 10, 1999, following a contradictory hearing, the trial court granted the motion, dismissing plaintiffs claims against Formosa. A majority of the court of appeal reversed the trial court's judgment, reasoning that while the judgment granting West-Paine's exception of prescription was on appeal, the abandonment provision was inapplicable. James v. Formosa Plastics Corp. of La., 00-0148 (La.App. 1 Cir. 4/25/01), 808 So.2d 572. The court of appeal held that the entire case must be within the jurisdiction of the trial court for the period of abandonment to run in that court. Id. at p. 2, 808 So.2d at 574.
We granted certiorari upon Formosa's application to consider the correctness of the court of appeal's judgment. James v. Formosa Plastics Corp. of La., 01-2056 (La.11/9/01), 801 So.2d 374.

Law and Discussion
Before this court, Formosa argues that the court of appeal erred in precluding the application of La. C.C.P. art. 561, the abandonment article, to cases involving multiple defendants when one defendant is involved in an appeal unrelated to the issues facing the remaining defendants. According to Formosa, plaintiffs appeal of the judgment in favor of West-Paine was completely independent of her claims against Formosa and the trial court therefore clearly retained jurisdiction over the case against Formosa. Formosa also contends the court of appeal's opinion misinterprets the term "action" as used in Article 561. In response, plaintiff argues that the date of the last action taken in the trial court in this case was December 12, 1996, the date this court's denial of writs in the West-Paine matter was filed into the trial court record, and, therefore, there was no abandonment when Formosa filed its motion to dismiss on June 1, 1999. Plaintiff further contends that the application for writs taken against West-Paine in this court served to interrupt the abandonment period as to all defendants. Plaintiff concludes that she was unable to pursue her claim against Formosa pending the outcome of her application for a writ of certiorari in this court and her claims against Formosa should not have been dismissed by the trial court.
Article 561 provides in pertinent part:

*338 A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.[1]
Article 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779; Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
A party takes a "step" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal notice. Clark at p. 6, 785 So.2d at 784. See also Chevron, 436 So.2d at 532; Melancon v. Continental Cas. Co., 307 So.2d 308, 312 (La.1975); Sliman v. Araguel, 196 La. 859, 200 So. 280, 281 (1941); Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731, 732 (1927).
Plaintiff argues that the last step in the prosecution of this action occurred when notice of this court's denial of writs was filed in the trial court record on December 12, 1996. In making this argument, plaintiff incorrectly assumes that the term "action" as used in Article 561 means the entire lawsuit brought against all defendants. Article 561 provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court" for three years. The Code defines "action" as a demand for the enforcement of a legal right. La. C.C.P. art. 421. See also State Through Dept. of Highways v. Lessley, 287 So.2d 792, 794 (La.1973);[2] 1 Frank L. Maraist & Harry T. Lemmon, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 4.5 at 59 (1999). It is commenced by the filing of a pleading presenting the demand to the court. La. C.C.P. art. 421. Cumulation of actions is the joinder of separate actions in the same judicial demand. La. C.C.P. art. 461. Whether or not to cumulate separate *339 actions is a discretionary decision to be made by a plaintiff. Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234, 1238 (La.1993). On the other hand, all actions arising out of the same transaction of occurrence must be brought together or be subject to a plea of res judicata. La. R.S. 13:4231; La. C.C.P. art. 425; Everything on Wheels Subaru, 616 So.2d at 1238. Several "actions" may therefore be present in the same lawsuit.
In the instant case, plaintiffs demands for compensatory and exemplary or punitive damages against Formosa were separate from its demand for exemplary or punitive damages against West-Paine. There were multiple actions against these defendants pending in the trial court. In Delta Dev. Co. v. Jurgens, 456 So.2d 145 (La.1984), this court considered the issue of whether serving interrogatories on one defendant interrupted the abandonment period as to the co-defendants when all defendants were before the trial court in a suit to reform various acts of sale in a chain of title originating with lands patented by the State of Louisiana. This court held that the serving of interrogatories on one of the defendants interrupted abandonment as to all defendants, reasoning that when any party takes formal action in the trial court, it interrupts the abandonment period as to all parties. Therefore, in the instant case, it is clear that when all the parties were litigating this suit in the trial court prior to that court's ruling granting West-Paine's exception of prescription, the abandonment period was interrupted as to all parties when any party took formal action in the trial court.
The question remains, however, whether the abandonment period was interrupted as to Formosa when plaintiff took actions in the appellate courts to pursue her action against West-Paine following the trial court's dismissal of West-Paine on prescription grounds. We conclude that it was not.
On March 23, 1995, the trial court signed a judgment granting the exception of prescription filed by West-Paine and dismissed it as a defendant. Thereafter, on April 18, 1995, the trial court granted plaintiffs motion for a devolutive appeal to the First Circuit Court of Appeal. La. C.C.P. art.2088 provides that the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested upon the granting of the order of appeal as follows:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;

*340 (7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
This article provides that the trial court is divested of jurisdiction only as to the parties and issues which are the subject of the judgment which has been appealed. Walker v. Jones, 257 La. 404, 242 So.2d 559 (1970). The list enumerating the matters over which the trial court retains jurisdiction is not exclusive. See Blanchard v. Missouri Pac. R.R. Co., 95-1385 (La. App. 3 Cir. 6/26/96), 676 So.2d 779; State Through Dept. of Social Services v. Southern Baptist Hosp., 94-2228 (La.App. 4 Cir. 10/12/95), 663 So.2d 443.
In plaintiff's appeal from the trial court's judgment granting West-Paine's exception of prescription, only the issues posed by that action could be the subject of review on that appeal. See Walker, 242 So.2d at 563. The judgment appealed from dealt solely with West-Paine's exception of prescription and only "dismissed [West-Paine] as a defendant in this suit." The judgment did not touch upon or adjudicate in any way plaintiffs actions against Formosa. Pursuant to La. C.C.P. art.2088, the trial court was not divested of jurisdiction over the actions against Formosa because none of the matters relating to Formosa were reviewable under the appeal. See generally Walker, 242 So.2d at 563; AAA Delivery, Inc. v. Airborne Freight Corp., 94-346 (La.App. 5 Cir. 11/16/94), 646 So.2d 1113; Byles Welding & Tractor Co. v. Butts Sales & Serv., Inc., 578 So.2d 246 (La.App. 3 Cir.1991); Welch v. Crown-Zellerbach Corp., 365 So.2d 586 (La.App. 1 Cir.1978). The actions against Formosa were therefore still before the trial court while the judgment dismissing West-Paine was on appeal. Plaintiff never requested a stay of the proceedings against Formosa in the trial court and no such stay was ever granted. Thus, nothing prevented plaintiff or Formosa from taking steps in the prosecution or defense of the action in the trial court even when West-Paine's dismissal was on appeal.
Plaintiff argues that actions taken in pursuit of the appeal in the appellate courts served to interrupt the abandonment period as to Formosa. These actions, however, such as plaintiffs application for a writ of certiorari, filed in this court on May 2, 1996, and West-Paine's opposition to that application, filed in this court on May 17, 1996, were not "steps" in the prosecution or defense of the action in the trial court. Of greater importance is the fact that even were we to consider these filings steps in the prosecution or defense of the action, they occurred more than three years prior to Formosa's filing of its motion for dismissal on the grounds of abandonment on June 1, 1999.
This court's denial of writs in response to plaintiffs application for a writ of certiorari on the prescription issue on November 22, 1996 clearly cannot serve to interrupt the abandonment period as to plaintiffs actions against Formosa because it was not a step in the prosecution or defense of the action taken by the parties. Plaintiffs assertion that the filing of the notice of this court's denial of writs in the trial court record on December 12, 1996 served to interrupt the abandonment period as to Formosa is without merit. The filing of the notice was not a "step" in the *341 prosecution or defense of the action because it was not a formal action before the trial court intended to hasten the matter to judgment. The filing of the notice in no way affected plaintiff's actions against Formosa, which could have been pursued in the trial court even after the dismissal of West-Paine was on appeal, and cannot be said to hasten the matter to judgment in any manner.
We must now examine the record in this case to determine the date of the last formal action before the trial court intended to hasten the matter to judgment. The record reveals that prior to the filing of Formosa's motion to dismiss, plaintiff filed a motion and order to substitute counsel of record on February 2, 1999. Additionally, on September 10, 1998, Formosa filed a motion and order to substitute counsel of record. This court has long held, however, that motions to substitute counsel of record are not steps in the prosecution or defense of an action. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La. 1983). Rather than being formal actions before the trial court intended to hasten the matter to judgment, a motion to substitute counsel of record merely "grants to counsel the right to take `steps' toward prosecution of his client's case, but does not itself constitute such a `step.'" Id. at 532-33.
Looking further at the record, we find the last formal actions taken by the parties in the trial court prior to the filing of the motion to dismiss to be a Notice of Deposition filed in the trial court by plaintiff on December 15, 1995. The Notice states that the deposition was set for January 16, 1996. There is no indication in the record and the parties have not alleged the occurrence of any formal discovery taking place after the deposition on January 16, 1996. Pursuant to La. C.C.P. art. 561, plaintiffs action against Formosa was abandoned when she and Formosa failed to take a "step" in the prosecution or defense of the action for a period of three years following the deposition taken on January 16, 1996. We therefore conclude that Formosa's motion to dismiss on grounds of abandonment, filed on June 1, 1999, was properly granted by the trial court.

Conclusion
The parties failed to take the appropriate steps in the prosecution and defense of this action in the trial court for more than three years prior to the filing of Formosa's motion to dismiss on June 1, 1999. Formosa's motion to dismiss on grounds of abandonment was therefore properly granted by the trial court on September 10, 1999. The court of appeal's judgment to the contrary is hereby reversed.
REVERSED.
NOTES
[1] Effective July 1, 1998, this article was amended by Act No. 1221 of 1997 to reduce the abandonment period from five to three years. The Act specifically provided that it "shall apply to all pending actions." The amended version of La. C.C.P. art. 561 applies to this case. See Theisges v. Boudreaux, 99-1458 (La.7/2/99), 747 So.2d 4; Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291.
[2] In Lessley, this court used the definition of "civil action" found in La. C.C.P. art. 421 to determine whether relators' motions to dismiss were "actions" within the meaning of La. C.C.P. art. 561.