859 So.2d 907 (2003)
Susie Hall BRYANT, et al, Plaintiffs-Appellants,
v.
CITY OF MONROE, et al, Defendants-Appellees.
No. 37,811-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2003.
*908 Brenda F. Ford, Shreveport, for Appellants.
Nanci Summersgill, La Koshia Roberts, Assistant City Attorney, for Appellees.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, C.J.,
Plaintiff, Susie Hall Bryant[1], appeals from a judgment which effectively dismissed her tort suit as abandoned under La. C.C.P. art. 561. For the reasons set forth below, we affirm.

Facts
On September 30, 1996, plaintiff filed suit on behalf of her 16-year-old son, Kenyon Bryant, alleging that he was beaten and unlawfully arrested by two policemen while attending the Ark-La-Miss Fair in Ouachita Parish, Louisiana. Named as defendants were the two police officers; the Monroe Police Department; the City of Monroe; and the Ark-La-Miss Fair.
On January 2, 1997, all defendants but the Ark-La-Miss Fair filed an answer denying plaintiff's allegations. On July 23, 1997, the Civitan Club of West Monroe, erroneously identified in the petition as the Ark-La-Miss Fair, filed a motion for summary judgment asserting that it was not vicariously liable for the teenager's injuries inasmuch as it was not the employer or principal of the defendant police officers at the time of the alleged beating and arrest. On October 9, 1997, the trial court granted the Civitan Club's motion for summary judgment and signed a judgment to that effect on October 14, 1997. On November 6, 1997, plaintiff appealed the grant of summary judgment.[2]
For the purposes of this opinion, the critical time period is from November 6, 1997, to March 19, 2001. Plaintiff's counsel sent a letter and motion to the Ouachita Parish Clerk of Court requesting to set the case for trial. The motion and letter were dated March 19, 2001, and stamped as received by the clerk's office on March 21, 2001.[3]
*909 Between November 6, 1997, and March 19, 2001, the following occurred: Plaintiff filed a motion for extension on December 2, 1997, seeking additional time within which to pay the costs of the (Civitan Club) appeal; she also filed a motion to proceed in forma pauperis that was denied by the trial court on December 8, 1997. On March 3, 1998, the Civitan Club filed a motion to dismiss plaintiff's appeal for failure to pay costs. The next day, the trial court set a hearing on the motion to dismiss for April 3, 1998. The minutes of court for April 3, 1998, show that plaintiff was not present in court and that the trial court ordered her appeal dismissed with prejudice at her cost. The written order dismissing plaintiff's appeal was signed by the trial court on April 3,1998.
The record reflects that between April 3, 1998, and April 25, 2002, the only filings in the suit record were a September 14,1998, motion by plaintiff's attorney to withdraw as counsel of record and a September 16, 1998, notation by the trial court, a copy of which was sent to counsel, informing him that local court rules required either the signature of the client on the motion to withdraw or a proceeding by contradictory rule.[4]
On April 25, 2002, the remaining defendants filed a motion to dismiss the suit as abandoned. On that same date, the trial court signed an ex parte order granting the motion and dismissing plaintiff's action. Plaintiff timely filed a motion to set aside the order of abandonment and attached to her motion several exhibits showing that her attorney had sent a letter to the Ouachita Parish Clerk of Court which included a motion to set the case for trial on the merits.
On August 28, 2002, the motion to set aside the order of abandonment came up for hearing. The exhibits attached to the motion to set aside were introduced into evidence at that hearing and there was testimony by a deputy clerk of court concerning the general procedure for filing matters with the Ouachita Parish Clerk of Court's Office. Plaintiff's counsel essentially argued that the motion to set the matter for trial, received and stamped as received by the clerk and then returned to plaintiff, was sufficient as a step in the prosecution of the case for purposes of preventing abandonment. Counsel also argued that the April 3, 1998, order dismissing the appeal of the grant of summary judgment in favor of the Civitan Club occurred less than three years prior to plaintiff's attempt to set the matter for trial, thereby preventing the running of the three-year period necessary for abandonment. However, the trial court concluded that there was no action in the case for a period of three years and refused to set aside the dismissal for abandonment. This appeal ensued.

Discussion
La. C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, but that any formal discovery as authorized by the Code of Civil Procedure and served on all parties shall be deemed to be a step in the prosecution or defense of an action.
Article 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action[5]; (2) *910 that it be done in the trial court on the record of the suit, with the exception of formal discovery; and (3) that the step be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp. of Louisiana, 01-2056 (La.04/03/02), 813 So.2d 335; Clark v. State Farm Mutual Automobile Insurance Co., 00-3010 (La.05/15/01), 785 So.2d 779.
On appeal, plaintiff argues that the trial court erred in concluding that the correspondence and motion forwarded to the Ouachita Parish Clerk of Court and stamped "received," but not filed into the suit record, were not "steps" in prosecution sufficient to set aside the dismissal. On the other hand, defendants contend that the last formal step taken in this action was on April 3, 1998, and that plaintiff's failure to adhere to the local rules and procedures of the Fourth Judicial District Court, along with her failure to pay the required fees, led to the dismissal of her case as abandoned.
For the purposes of argument, we assume that plaintiff's letter of March 19, 2001, was a formal step in the prosecution of the case; however, based upon the recent supreme court decision in James, supra, the three-year period had already run. In James, an employee filed suit on June 7, 1993, against Formosa Plastics and the XYZ Insurance Company for injuries she claims to have sustained from exposure to a hazardous material during the course and scope of her employment. Subsequently, she amended her petition to include her employer, West-Paine Laboratories, Inc., and to add a claim for punitive damages. West-Paine then filed an exception of prescription which the trial court granted on March 23, 1995. On April 18, 1995, the trial court signed the plaintiff's motion and order for a devolutive appeal, and, approximately one year later, on April 4, 1996, the appellate court affirmed the trial court's judgment on the exception of prescription. Writs were denied by the Louisiana Supreme Court on November 22, 1996.
Thereafter, on June 1, 1999, Formosa Plastics filed a motion to dismiss James' suit on the grounds of abandonment. The trial court granted the motion ex parte and dismissed plaintiff's claims against Formosa. The court of appeal reversed, reasoning that the abandonment provision was inapplicable while the prescription ruling was on appeal.
In reversing the appellate decision, the supreme court acknowledged that while the parties were litigating the suit in the trial court prior to the granting of the exception of prescription, the abandonment period was interrupted as to all parties when any party took formal action in the trial court. The devolutive appeal of the prescription judgment, however, divested the trial court only of jurisdiction as to the parties and issue that were the subject of the judgment on appeal; the trial court retained jurisdiction over the remainder of the litigation. Thus, the court in James concluded that the abandonment period was not interrupted as to Formosa Plastics when plaintiff took action in the appellate and supreme court on the West-Paine dismissal.
The supreme court emphasized that the judgment on appeal dealt solely with West-Paine's exception of prescription and did not touch upon or adjudicate plaintiff's claims against Formosa Plastics; therefore, nothing prevented plaintiff or Formosa from taking steps in the prosecution or defense of the action in the trial court while the judgment dismissing West-Paine was on appeal. The court further stated that its denial of writs to plaintiff's application could not serve to interrupt the abandonment period because it was not a step in the prosecution or defense of the action *911 involving Formosa in the trial court. The same was true of the filing of the supreme court's notice of the denial of writs.
In the case sub judice, we observe that even if the March 19, 2001, letter and motion seeking to set the matter for trial were considered a "step" in the prosecution of plaintiff's claim, there needed to have been another "step" within the three-year period prior to March 19, 2001. We conclude that the last formal step in the trial court to advance the prosecution before the March 19, 2001, letter and motion was the grant of summary judgment to the Civitan Club by the trial court on October 14, 1997 (the date the judgment was signed) and the appeal taken on November 6, 1997. Thereafter, the trial court was divested of jurisdiction as to the Civitan Club appeal except for certain administrative matters. The only other filing within the three-year time frame was the April 3, 1998, trial court order dismissing plaintiff's appeal of the summary judgment in favor of the Civitan Club.[6]
Under the reasoning set forth in James, supra, the order dismissing plaintiff's appeal did not serve to interrupt the abandonment period as to the remaining defendants. This order simply dismissed the Civitan Club appeal for plaintiff's failure to pay costs and did not further the prosecution of the case; it was not a formal action with respect to the remaining parties.

Conclusion
For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed to plaintiff-appellant.
NOTES
[1] Plaintiff is referred to by both "Susie Hall Bryant" and "Susie Bryant Hall" throughout the record. Hereinafter, she will be referred to as "plaintiff."
[2] The record also contains an identical motion for appeal filed by plaintiff on November 10, 1997, and two orders signed by the trial court granting plaintiff a devolutive appeal.
[3] However, on March 21, the clerk's office sent a statement to plaintiff's counsel and returned the motion, informing the attorney for plaintiff that the motion would be filed upon receipt of a $125 filing fee. The exhibits attached to the motion to set aside the judgment of abandonment also show that plaintiff's counsel subsequently sent a letter to the Ouachita Parish Clerk of Court which included a check for $125, along with the motion to set the matter for trial on the merits. The letter was stamped as received by the clerk's office on April 3, 2001. However, the local court rules apparently required that a slip of a certain color accompany the motion and plaintiff's motion did not include the right color slip, further delaying the filing of the motion until May 2001.
[4] The record contains no evidence that plaintiff ever signed a motion to withdraw or that a contradictory hearing was set.
[5] In this context, "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment.
[6] The motion to withdraw as counsel was clearly not a step in the prosecution.