WILLIAMS, J.
|TThe plaintiff, Janis Johnson, appeals a trial court judgment in favor of the defendants, American Bell Federal Credit Union and Shirley Coutee. The court dismissed plaintiffs action as abandoned. For the following reasons, we affirm.
FACTS
In March 2005, Janis Johnson borrowed $7,058 from American Bell Federal Credit Union. She agreed to pledge her shares of United Parcel Service common stock as security for the loan. After defaulting on her second written loan modification, Johnson contacted Shirley Coutee, an employee of the credit union, to request another loan modification. After some discussion, the credit union declined to offer Johnson a third loan modification. Johnson was notified that if the loan was not paid in full the credit union would liquidate the shares of stock securing the loan. After Johnson failed to pay, the credit union liquidated the stock to pay the balance due and forwarded a check to Johnson for the amount in excess of the loan balance.
In June 2009, the plaintiff, Janis Johnson, filed a petition for damages against the defendants, American Bell Federal Credit Union and Shirley Coutee, alleging a breach of contract. The defendants filed an answer, scheduled plaintiffs deposition and served her with a subpoena duces tecum, seeking documents related to the loan account. On November 9, 2009, defendants conducted the deposition of plaintiff, who produced some documents responsive to the subpoena. In addition, plaintiff agreed to look in her records and provide defendants with any other loan documents she |2possessed. In December 2009, the defendants’ attorney wrote a letter to plaintiffs attorney requesting the production of any additional loan documents which she had located. By letter *1269 dated January 28, 2010, plaintiffs attorney submitted to defendants’ attorney the additional loan documents provided by plaintiff. In June 2012, plaintiffs attorney was allowed to withdraw as counsel of record.
On November 14, 2012, defendants filed a motion to dismiss the action as abandoned, alleging that no formal action had been taken in the prosecution of the case for three years after the depositions on November 9, 2009. The trial court then entered an order dismissing the action as abandoned. Subsequently, the plaintiff filed a pleading requesting that the court set aside the dismissal on the grounds that a step in the prosecution of the case had been taken on January 28, 2010, less than three years before the filing of the motion to dismiss, when her attorney mailed supplemental discovery to defendants’ attorney.
After a hearing, the trial court issued an opinion denying plaintiffs motion to set aside the dismissal. The court found that the act of plaintiffs attorney in mailing a letter with additional documents to defendants’ attorney did not constitute a step in the prosecution of the case because the letter was not formal discovery. Plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the trial court erred in dismissing the action. Plaintiff argues that the mailing of additional documents to defendants was a step in the prosecution of the case sufficient to preclude abandonment.
IsLSA-C.C.P. art. 561 provides in pertinent part:
(1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested ' person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
Additionally, any formal discovery as authorized by the Code of Civil Procedure and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed a step in the prosecution or defense of an action. LSA-C.C.P. art. 561(B).
Requests for production or inspection and the responses thereto shall be served upon other counsel or parties. LSA-C.C.P. art. 1474(B). All notices, requests and responses requiring service on adverse parties may be served as provided in Article 1313, unless otherwise provided by law. LSA-C.C.P. art. 1474(A). Every pleading which may under law be served as provided in Article 1313 may be served by mailing a copy thereof to the counsel of record. LSA-C.C.P. art. 1313(A)(1). When service ■is made by mail, the party or counsel making the service shall file in the record a certificate of the manner of such service. LSA-C.C.P. art. 1313(B).
Article 561 sets forth three requirements: (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court on the record of the suit, with the exception of formal discovery served on all parties; and (3) that the step be taken within three years of the |4Iast step taken by either party. James v. Formosa Plastics Corp. of Louisiana, 2001-2056 (La.4/3/02), 813 So.2d 335; Bryant v. City of Monroe, 37,811 (La.App.2d Cir.10/29/03), 859 So.2d 907. A party takes a “step” in the prose *1270 cution or defense of an action when he or she takes formal action before the court, or on the record, intended to hasten the matter to judgment, or when the party conducts formal discovery or takes a deposition, with or without formal notice. James, supra; Clark v. State Farm Mut. Auto. Ins. Co., 2000-3010 (La.5/15/01), 785 So.2d 779.
In the present case, the motion to withdraw by plaintiffs attorney is the only filing contained in the record for the period from November 9, 2009, the date of plaintiffs deposition, to November 14, 2012, when the defendants filed a motion to dismiss on the grounds of abandonment. A motion to withdraw or enroll as counsel is not considered a step in the prosecution of an action. Koutroulis v. Centennial Healthcare Corp., 38,068 (La.App.2d Cir.4/14/10), 34 So.3d 503.
Additionally, the record shows that the December 2009 letter from defendants’ attorney to the plaintiffs counsel was not a step in the defense of the action or a waiver of the abandonment period. In the letter, defense counsel asked whether plaintiff had located any additional documents responsive to the subpoena duces tecum. Similar to the situation in Moore v. Eden Gardens Nursing Center, 37,362 (La.App.2d Cir.6/25/03), 850 So.2d 998, the defense counsel’s letter was not a new discovery action, but a followup to a previous discovery request for production of documents.
In her brief, plaintiff argues that her attorney’s act of mailing ^documents to the defendants’ attorney was the submission of supplemental discovery constituting a step in the prosecution of her action that interrupted the period of abandonment. Article 561 recognizes “formal discovery” which has been “served” on all parties as a step in the prosecution of an action. Although discovery responses may be served by mail, Article 1313 requires that a party or counsel serving discovery by mail shall file in the record a certificate of such service. We note that plaintiffs attorney did not file in this record the required certificate of service regarding any documents mailed to defendants in January 2010.
Based upon this record and the applicable law, the mailing of documents by plaintiffs attorney in January 2010 cannot be considered formal discovery served on defendants as required by the language of Article 561. Thus, the plaintiff has failed to demonstrate that she performed a step in the prosecution of the action sufficient to preclude abandonment. Consequently, we conclude that the trial court did not err in granting the defendants’ motion to dismiss the action as abandoned. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Janis Johnson.
AFFIRMED.