# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-220

**ALLEN DEHART, ET AL**

**VERSUS**

**BRUCE A. JONES, M.D., ET AL**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2012-3593
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**WILBUR L. STILES**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Gary J. Ortego, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED. REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL DENIED.**

**Samuel David Abraham**
**Attorney at Law**
**5040 Ambassador Caffery Parkway, Suite 200**
**Lafayette, LA 70508**
**(337) 234-4524**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Allen Dehart**
 **Adrienne Dehart**
 **Ashley Dehart**
 **Anissa Dehart**


**Alan K. Breaud**
**Timothy W. Basden**
**Breaud & Meyers**
**Post Office Box 51365**
**Lafayette, LA 70505**
**(337) 266-2200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Bruce A. Jones, M.D.**


**Jade A. Forouzanfar**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, LA 70598**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Bruce A. Jones, M.D.**


**Nicholas Gachassin, III**
**Nicholas Sigur**
**Brandon M. Rhodes**
**Julie Savoy**
**Gachassin Law Firm**
**Post Office Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Lafayette General Medical Center**
 **Amy Falconer**

**STILES, Judge.**

Allen, Adrienne, Ashley, and Annisa DeHart (collectively Plaintiffs), appeal from the trial court's dismissal of their medical malpractice claim against Dr. Bruce A. Jones (Dr. Jones) on the grounds of abandonment. For the following reasons, we affirm the judgment of dismissal. We deny Defendant's request for damages associated with the filing of a frivolous appeal.

## FACTUAL AND PROCEDURAL HISTORY

As reported in two prior appeals, Arlene Dehart, Plaintiffs' wife and mother, underwent surgery for the repair of a heart valve on September 30, 2008. Mrs. Dehart suffered complications after the surgery and died on October 27, 2008.

Plaintiffs filed the underlying medical malpractice suit against cardiothoracic surgeon Dr. Bruce Jones, as well as Lafayette General Medical Center (LGMC), its surgical staff, and perfusionist Amy Falconer. Plaintiffs alleged that Defendants were jointly and solidarily liable for various acts of negligence leading to Mrs. Dehart's death.

LGMC and Ms. Falconer filed motions for partial summary judgment in May 2018, seeking a dismissal of the claims against them. Although the trial court granted the motions, a panel of this court vacated the judgment finding a procedural defect. *See Dehart v. Jones*, 18-764 (La.App. 3 Cir. 3/27/19), 269 So.3d 801. Following remand, LGMC and Ms. Falconer again filed motions for partial summary judgment seeking dismissal of claims related to failure to respond to excessive bleeding during the surgery and negligent advertising/informed consent issues. The trial court granted both motions on July 1, 2019 and, by judgment of July 22, 2019, dismissed Plaintiffs' claims against the two defendants. The notice of judgment was dated July 24, 2019. Plaintiffs devolutively appealed from the partial summary judgment.

Following review, a panel of this court vacated the judgment on the issue of excessive bleeding but affirmed the partial summary judgment on the issue of informed consent. The panel remanded the matter for further proceedings. *See Dehart v. Jones*, 19-789 (La.App. 3 Cir. 12/16/20), 310 So.3d 658.

On October 23, 2023, Dr. Jones filed an *Ex Parte* Motion to Dismiss on Grounds of Abandonment. He noted that the partial summary judgment dismissing claims against LGMC and Ms. Falconer was signed on July 22, 2019 and noticed on July 24, 2019. Although Plaintiffs appealed the partial summary judgment, "[t]he claims against Defendant, Dr. Jones, remained pending in the trial court." Dr. Jones pointed out that "[t]here was no stay entered that would impair or prevent the prosecution of the claim against Dr. Jones." He argued that Plaintiffs' pursuit of the appeal did not interrupt abandonment as to the claims remaining against him in the trial court. *Citing James v. Formosa Plastics Corp.*, 01-2056 (La. 4/03/02), 813 So.2d 335.

Dr. Jones maintained that the last action taken in the trial court in furtherance of the prosecution or defense of the matter occurred on July 24, 2019, the date of the notice of the second partial summary judgment, and that more than three years had elapsed since that time. *See* La.Code Civ.P. art. 561(A)(1) ("An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]"). Additionally, Dr. Jones provided an affidavit from his attorney representing the absence of activity in the trial court following the issuance of the notice of judgment. *See* La.Code Civ.P. art. 561(A)(2) (Abandonment is self-operative, "but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense

2

of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.").

Despite the ex parte nature of the motion for abandonment, the trial court set the matter for a December 2023 hearing. Dr. Jones again cited the passage of three years since the June 24, 2019 notice of judgment. In opposition, Plaintiffs pointed out that they alleged that all defendants are solidary obligors and argued that their appeal from the partial summary judgment thus interrupted abandonment against all of the defendants, including Dr. Jones. Plaintiffs noted that Dr. Jones could have joined the appeal in order to safeguard his right to pursue an allocation of fault against the other defendants but that he failed to do so. Plaintiffs suggested that a determination of abandonment in favor of Dr. Jones fails to acknowledge that the claims against the defendants are intertwined.

The trial court rejected Plaintiffs' argument and explained that Plaintiffs' argument regarding interruption of abandonment would have required one of the parties to "stay it" in the trial court. Such a stay, the trial court explained, "would have stopped it." The trial court further stated that it could not find jurisprudence supporting Plaintiffs' argument, and it thus granted the motion for abandonment.

Plaintiffs appeal, asserting that "[t]he trial court erred in dismissing Petitioners' negligence claims against the defendant Dr. Bruce Jones for abandonment pursuant to La. C.C.P. art. 561."

## DISCUSSION

*Abandonment*

Louisiana Code of Civil Procedure Article 561 provides, in pertinent part, that:

> A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years …[.]

3

. . . .

  (2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314 and shall execute a return pursuant to Article 1292.

Article 561 thus requires that, in order to avoid abandonment, 1) a party must take a formal step in the prosecution, 2) the step must be taken within the proceeding, with the exception of formal discovery served on all parties, and 3) the step must be taken within three years of the last step taken by either party. *See La. Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, LLC*, 11-912 (La. 12/6/11), 79 So.3d 978.

Abandonment is a form of prescription, which balances the policy consideration of allowing litigants their day in court against the need to bring cases to judgment or resolution. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779. On appeal, a trial court's determination of whether a step in the prosecution of an action was taken is reviewed as a factual finding under the manifest error standard of review, whereas a determination as to whether an act precludes abandonment is a question of law and is thus reviewed de novo. *Gravlee v. Gravlee*, 11-509 (La.App. 3 Cir. 12/7/11), 79 So.3d 1169 (citations omitted).

*Interruption of Prescription by Abandonment*

With these principles in mind, we turn to Plaintiffs' contention that their appeal of the ruling in favor of co-defendants LGMC and Amy Falconer interrupted abandonment against the suit remaining in the trial court against Dr. Jones. In particular, Plaintiffs direct this court to La.Civ.Code art. 2324(C), which provides

4

that "Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

Dr. Jones challenges Plaintiffs' contention in a number of respects, first pointing out that La.Code Civ.P. art. 561 provides for abandonment absent a "step" in the prosecution or defense of the case "in the trial court" for a period of three years. Dr. Jones maintains that Plaintiffs' reliance on proceedings in the appellate court are therefore misplaced.

On the merits of his abandonment claim, Dr. Jones primarily relies on the July 24, 2019 notice of the partial summary judgment in favor of LGMC and Amy Falconer as the operative date in the abandonment calculation. However, he alternatively maintains in his brief to this court that, even upon a conservative reading, the last conceivable "step" in the trial court was Plaintiffs' August 20, 2019 filing of its Motion and Order for Devolutive Appeal of the Judgment of the judgment dismissing the claims against LGMC and Ms. Falconer. Dr. Jones filed his *Ex Parte* Motion to Dismiss on Grounds of Abandonment on October 23, 2023. Thus, notwithstanding the subsequent proceedings against LGMC and Ms. Falconer in the appellate court, the period of inactivity—in the trial court—exceeded three years.

In opposition to Plaintiffs' claim that interruption of the abandonment period against one solidary obligor interrupts prescription against an obligor remaining in the trial court, Dr. Jones directs this court to *James*, 813 So.2d at 336 (emphasis added), wherein the supreme court explained:

> We granted certiorari in this case to consider whether the abandonment period found in La.C.C.P. art. 561 was interrupted as to plaintiff's action against one defendant while plaintiff was pursuing the dismissal of a co-defendant on grounds of appeal. For the reasons that follow, we find that plaintiff's action against the defendant left in the

5

trial court was abandoned because the trial court was divested of jurisdiction *only over those issues reviewable under the appeal*,[1] nothing prevented plaintiff from pursuing the action against the defendant left in the trial court, and the parties failed to take a step in the prosecution or defense of that action for more than three years.

The trial court is thus "divested of jurisdiction only as to the parties and issues which are the subject of the judgment which has been appealed." *Id.* at 340.

Dr. Jones contends that this matter is factually similar to *James* as, in both, only the issues posed by the judgment under review were the subject of the appeal. In this case, the July 22, 2019 partial summary judgment dismissed only Plaintiffs' claims against LGMC and Ms. Falconer. It "did not touch upon or adjudicate in any way" Plaintiffs' action against Dr. Jones. *James*, 813 So.3d at 341. Dr. Jones points out that the resulting appeal, in turn, involved only that judgment. Thus, "[p]ursuant to La.C.C.P. art. 2088, the trial court was not divested of jurisdiction over the actions against Formosa because none of the matters relating to Formosa were reviewable under the appeal." *Id.* at 340. The supreme court further found no merit that the ruling of the appellate court, although filed into the trial court record, was a step in prosecution sufficient to interrupt the abandonment period as to the remaining defendant. *Id.* Instead, the notice of the appellate ruling "was not a formal action *before the trial court* intended to hasten the matter to judgment," as it did not affect the plaintiff's ability to pursue the action that remained in the trial court against Formosa. *Id.* at 341 (emphasis added).

---

[1] Louisiana Code of Civil Procedure Article 2088(A) provides, in pertinent part:

> The jurisdiction of the trial court over *all matters in the case reviewable under the appeal is divested*, and that of the appellate court attaches . . . on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal . . . .

(Emphasis added.)

Following review, we find *James* persuasive under the facts of this case. Similar to the scenario in *James*, the July 22, 2019 partial summary judgment dismissed only Plaintiffs' claims against LGMC and Ms. Falconer. The resulting appeal, in turn, involved only that judgment. As seen in the discussion in *Dehart*, 310 So.3d 658, the issues under review related to the unique allegations against LGMC and Ms. Falconer.[2] Neither the partial summary judgment nor the appeal addressed Plaintiffs' allegations of malpractice against Dr. Jones. Given that same scenario in *James*, 813 So.2d at 340, the supreme court noted that the plaintiff in that case had not requested a stay and, thus, "nothing prevented plaintiff or Formosa from taking steps in the prosecution or defense of the action in the trial court even when West-Paine's dismissal was on appeal." The same is true here.

Plaintiffs contend that *James* is distinguishable, observing that the supreme court remarked that "plaintiff's demands for compensatory and exemplary or punitive damages against Formosa were separate from its demand for exemplary or punitive damages against West Pine." *Id.* at 339. Plaintiffs allege that, in contrast, all claims in this case are interrelated and that all claims arise from the same transaction and occurrence. Plaintiffs further suggest, although he chose not to do so, the fact that Dr. Jones was able to join in Plaintiffs' appeal of the dismissal of the claims against LGMC and Ms. Falconer is demonstrative of both the interrelated nature of the claims against the defendants and the need to safeguard their right to pursue an

---

[2] The panel explained that:

As to LGMC and Ms. Falconer, Plaintiffs alleged that the surgical staff breached the applicable standard of care in failing to communicate to Dr. Jones the source, extent, significance, and magnitude of the bleed and its adverse impact on Mrs. DeHart's hemodynamics. Plaintiffs further alleged that LGMC was negligent in its advertising and marketing of the robotic surgery and in obtaining Mrs. DeHart's informed consent for the procedure.

7

allocation of fault in future proceedings. *Citing Amedee v. Aimbridge Hosp. LLC*, 21-1906 (La. 10/21/22), 351 So.3d 321. *See also* La.Code Civ.P. art. 966(G).[3]

Plaintiffs argue that failure to recognize that interruption of prescription for abandonment against one joint or solidary obligor interrupts that period for all obligors creates three separate timelines for prescription for abandonment: one between Plaintiffs and LGMC/Ms. Falconer while on appeal; a second between Plaintiffs and Dr. Jones as he chose to remain in the trial court during the pendency of the appeal; and a third timeline between Dr. Jones and LGMC/Ms. Falconer. Plaintiffs contend that proceeding with litigation in the face of multiple timelines is untenable and benefits Dr. Jones for no reason other than he chose not to appeal.

Plaintiffs contend that, in contrast, recognition of a single period for abandonment for all co-defendants ensures that trial may proceed for litigation of fault against all defendants. They maintain that this is consistent with La.Civ.Code art. 2323's mandate that the "fault of all persons causing or contributing to the injury, death, or loss shall be determined …."

---

[3] Article 966(G) provides:

> When the court renders judgment in accordance with the provisions of this Article that a party or nonparty is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or nonparty shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or nonparty, except that evidence may be admitted to establish the fault of a principal when the party or nonparty acted pursuant to a mandate or procuration. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or nonparty's fault be submitted to the jury or included on the jury verdict form except where evidence is admitted of the acts of the party or nonparty for the purposes of establishing the fault of the party or nonparty's principal. This Paragraph does not apply if the trial or appellate court's judgment rendered in accordance with this Article is reversed. If the judgment is reversed by an appellate court, the reversal is applicable to all parties.

Under the facts of this case, however, Plaintiffs' argument is undermined by the fact that it rests on La.Civ.Code art. 2324(C). Namely, Plaintiffs' suit against Dr. Jones is one for medical malpractice. In such cases, the more specific provisions of the Medical Malpractice Act are applicable rather than the more general principles of prescription found in the Civil Code. *See LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226. The supreme court has specifically recognized the primacy of the Medical Malpractice Act to the exclusion of the general codal articles on interruption of prescription in the context of joint tortfeasors, explaining that "the more specific provisions of the Medical Malpractice Act regarding suspension of prescription against joint tortfeasors apply in this case to the exclusion of the general code articles on interruption of prescription against joint tortfeasors, and in particular 2324(C)." *Borel v. Young*, 07-0419 (La. 11/27/07), 989 So.2d 42, 54 (on rehearing).

Thus, while Plaintiffs maintain that La.Civ.Code art. 2324(C) dictates that the time for prescription for abandonment must run in favor of a joint or solidary co-defendant who chose not to join the appeal of his co-defendants' dismissal, *Borel* plainly indicates that Article 2324(C) is inapplicable in matters involving the Medical Malpractice Act. We find no reason to distinguish between the type of prescription that governs the underlying substantive claim as in *Borel*, and prescription for abandonment. *See Clark*, 785 So.2d at 787 ("Abandonment is both historically and theoretically a form of liberative prescription that exists independent from the prescription that governs the underlying substantive claim."). While Plaintiffs posit that the exclusion of La.Civ.Code art. 2324(C) in this litigation creates multiple timelines for prescription for abandonment and may offer obstacles for the pursuit of the defendants' claims of comparative fault, we point out that the parties were not without recourse. Rather, La.Civ.Code art. 561 requires only that

9

the parties take a step in the prosecution or defense of the matter as it remains pending in the trial court within the three year abandonment period. Simply stated, neither party did so in this case, and the trial court therefore acted appropriately in granting the Motion to Dismiss on Grounds of Abandonment.

This assignment lacks merit.

*Dismissal With Prejudice*

Neither do we find merit in Plaintiffs' alternative contention that the judgment must be amended to indicate that Plaintiffs' claims against Dr. Jones are dismissed without prejudice. We recognize that, typically, when a suit is dismissed for abandonment under La.Code Civ.P. art. 561, the dismissal is "without prejudice" and not "with prejudice." *Johnson v. Amer. Bell Fed. Credit Union*, 14-2551 (La. 3/27/15), 164 So.3d 182 (per curiam). *See also Williams v. Montgomery*, 20-1120 (La. 5/13/21), 320 So.3d 1036; *Total Sulfide Servs., Inc. v. Secorp Indus., Inc.*, 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514. Given the circumstances of this case, however, we maintain the trial court's dismissal with prejudice due to the futility of any further claim related to the 2008 treatment. Plainly, the record demonstrates that any such action is prescribed. *See Lachney v. Gates*, 23-682 (La.App. 3 Cir. 4/3/24), 386 So.3d 1123. *See also* La.R.S. 9:5628; La.R.S. 40:1231.8(A)(2)(a).

We therefore maintain the trial court's judgment dismissing Plaintiffs' claims against Dr. Jones with prejudice.

*Answer*

Finally, Dr. Jones has filed an Answer to the appeal, seeking damages for filing a frivolous appeal. Claiming that neither factual nor legal issues are in dispute, Dr. Jones argues that Plaintiffs' appeal was designed to do nothing other than needlessly increase the cost of litigation. In particular, Dr. Jones asserts that the abandonment

of the claim against him was apparent under the wording of La.Code Civ.P. art. 561 and *James*, yet Plaintiffs failed to file any evidence demonstrating that a step in the defense or prosecution of the action was taken within three years of the previous step.

Louisiana Code of Civil Procedure Article 2164 governs an award for pursuing a frivolous appeal as follows:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

As the provisions of Article 2164 are penal in nature, they must be strictly construed. *Hunter v. Lafayette Consol. Gov't*, 15-401 (La.App. 3 Cir. 11/4/15), 177 So.3d 815. *See also* Uniform Rules—Courts of Appeal, Rule 2-19 ("The court may award damages for a frivolous appeal in civil cases as provided by law.").

Mindful of that construction as well as the principle that appeals are favored, we decline to award damages for frivolous appeal. *See Bailey v. Veolia Envtl. Servs.*, 17-655 (La.App. 3 Cir. 1/31/18), 237 So.3d 525, *writ denied*, 18-636 (La. 8/31/18), 319 So.3d 300. While we have found that Plaintiffs' appeal lacks merit, it is not readily apparent that the appeal was taken for the sole purpose of delay or that counsel lacked serious belief in the argument advanced. *See Girouard v. Summit Fin. Wealth Advisors, LLC*, 20-261 (La.App. 3 Cir. 3/24/21), 318 So.3d 231, *writ denied*, 21-560 (La. 6/22/21), 318 So.3d 170.

## DECREE

For the foregoing reasons, we affirm the December 18, 2023 judgment of the trial court granting the Motion to Dismiss on Grounds of Abandonment. Costs of

this appeal are assigned to Plaintiffs/Appellants, Allen Dehart, Adrienne Dehart, Ashley Dehart, and Anissa Dehart.

**AFFIRMED. REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL DENIED.**