822 So.2d 188 (2002)
Harlon CAUSEY
v.
CATERPILLAR MACHINERY CORPORATION, et al.
No. 2002-C-0746.
Court of Appeal of Louisiana, Fourth Circuit.
June 26, 2002.
*189 William Levenson, Frischhertz and Associates New Orleans, LA, for Plaintiff-Respondent.
Michael M. Noonan, James E. Swinnen, McGlinchey Stafford, A Professional Limited Liability Company, New Orleans, LA, for Defendant-Relator (Caterpillar Machinery, Inc.).
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge MAX N. TOBIAS, JR.).
ARMSTRONG, Judge.

STATEMENT OF THE CASE
Defendant-relator Caterpillar Inc. seeks supervisory review of a trial court judgment denying its motion to dismiss plaintiff *190 Harlon Causey's personal injury action based on abandonment.
Plaintiff filed the instant suit on November 2, 1989 against multiple defendants, including Caterpillar Inc. ("Caterpillar"), seeking damages for injuries sustained when he jumped off a fork lift he was operating in the hold of a ship, believing it was about to tip over. Caterpillar filed an earlier motion to dismiss on the grounds of abandonment, on July 9, 1998. The trial court dismissed the action, but issued a judgment on August 21, 1998 reinstating it. Caterpillar sought supervisory review of that judgment. This court denied the writ application on November 24, 1998, finding that plaintiff's filing of a motion for a status conference on January 22, 1998 was a step in the prosecution of the action for purposes of abandonment.[1]
Caterpillar filed the instant motion to dismiss on the ground of abandonment on January 18, 2002. The trial court denied the motion at the conclusion of a March 8, 2002 hearing, finding that plaintiff had until at least November 24, 2001 to take an action in the prosecution of the action, and had done so by filing a motion to set for trial, which plaintiff filed on October 16, 2001. A written judgment was signed on March 11, 2002.
Caterpillar noticed its intent to seek supervisory review, and on March 18, 2002, the trial court set the return date for April 17, implicitly extending the 30-day delay set by Rule 4-3, Uniform Rules of Louisiana Courts of Appeal. Caterpillar timely filed its writ application on April 16, 2002.

FACTS
The facts appear undisputed. On July 10, 1998, the trial court granted Caterpillar's first motion to dismiss on the ground of abandonment. On August 10, 1998, plaintiff filed a motion to set aside that order of dismissal. The trial court granted plaintiff's motion to set aside the order of dismissal on August 21, 1998. Caterpillar filed its notice of intent to apply for supervisory writs on September 1, 1998.
Caterpillar filed its application for supervisory writs in this court on September 21, 1998. There is no indication that plaintiff filed anything in this court in opposition to Caterpillar's writ application. This court denied Caterpillar's writ application on November 24, 1998. On November 25, 1998, this court's writ denial was filed in the trial court. On October 12, 1999, a law firm representing a defendant in the case filed a notice of change of address. On October 16, 2001, plaintiff filed a motion to set the case for trial.

DISCUSSION
La. C.C.P. art. 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, but that any formal discovery as authorized by the Code of Civil Procedure and served on all parties shall be deemed to be a step in the prosecution or defense of an action.
La. C.C.P. art. 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court on the record of the suit, with the exception of formal discovery; and (3) that the step be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp. of La., 2001-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338. A party takes a step in the prosecution or defense of an action when "he takes formal action before the court intended to hasten the matter to judgment," or takes a deposition with or without formal notice. Id.; *191 Clark v. State Farm Mut. Auto Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. However, there are two exceptions: (1) a plaintiff-oriented one, based on contra non valentum, that applies when the failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, p. 7, 785 So.2d at 784-785. The latter exception is not applicable in this case, as Caterpillar's action in petitioning this court to rule that plaintiff's action be deemed abandoned is not inconsistent with Caterpillar's intent to treat the case as abandoned.
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark, p. 8, 785 So.2d at 779. La. C.C.P. art. 561 is not to be used to dismiss cases where a party has clearly demonstrated that it does not intend to abandon the action. Reed v. Finklestein, XXXX-XXXX, p. 7 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, 1035. This court generally has been reluctant to uphold dismissals where it appeared a plaintiff had not evidenced an intention to abandon a case. Naccari v. Namer, 2001-2410, p. 7 (La. App. 4 Cir. 2/6/02), 809 So.2d 1157, 1161.
In James v. Formosa, supra, which Caterpillar argues is determinative of this case, the plaintiff filed a personal injury action against Formosa, and later added West-Paine as a defendant. West-Paine's exception of prescription was granted by the trial court on March 23, 1995. On April 18, 1995, the trial court signed the plaintiff's motion and order for a devolutive appeal. On April 4, 1996, the appellate court affirmed the trial court's judgment granting West-Paine's exception of prescription. The Louisiana Supreme Court denied the plaintiff's application for a writ of certiorari on November 22, 1996. On June 1, 1999, Formosa filed a motion to dismiss the action against it based on abandonment. The trial court granted the motion. The court of appeal reversed, reasoning that while the judgment granting West-Paine's exception of prescription was on appeal, the abandonment provision was inapplicable, as the entire case had to be within the jurisdiction of the trial court for the period of abandonment to run in that court.
The Louisiana Supreme Court reversed, finding that the trial court was not divested of jurisdiction over the plaintiff's case against Formosa when it granted the plaintiff's order of appeal as to the judgment sustaining West-Paine's exception of prescription. The court concluded that nothing prevented the plaintiff or Formosa from taking steps in the prosecution of defense of the action in the trial court even when West-Paine's dismissal was on appeal.
The instant case differs in one important and fundamental aspect from James v. Formosa. What is at issue here is plaintiff's action against Caterpillar, and Caterpillar's writ application relating to a trial court ruling setting aside its prior order dismissing plaintiff's action against Caterpillar.
Caterpillar notes that the Louisiana Supreme Court stated in James v. Formosa that its denial of writs in response to the plaintiff's application for a writ of certiorari "clearly" could not serve to interrupt the abandonment period as to plaintiff's actions "against Formosa" because "it was not a step in the prosecution or defense of the action taken by the parties." James v. Formosa, p. 8, 813 So.2d at 340. However, in making this statement, the court stressed the differentiation between the *192 two actions. Nothing the Supreme Court did with respect to the West Paine case affected the action against Formosa, so of course its denial of writs in the West Paine case could not have served as a step with regard to the action against Formosa. The court also said that the filing in the trial court record of notice of its denial of writs in that case was not a "step" in the prosecution or defense of the action, as it was "not a formal action before the trial court intended to hasten the matter to judgment." Id. Again, the court stressed that the filing of the notice in no way affected the plaintiff's action against Formosa, which action could have been pursued in the trial court even after dismissal of West-Paine on appeal. Moreover, unless the notice of denial of writs was filed in the trial court record by either party, which probably was not the case, it could not have been a step by either party. James v. Formosa is distinguishable from the instant case.
Caterpillar contends that neither its application for supervisory writs filed with this court on September 1, 1998 nor any aspect of the proceedings in connection with that application constituted a step in the prosecution or defense of the action in the trial court. The trial court found that the three-year period for abandonment under La. C.C.P. art. 561 did not begin until after this court denied Caterpillar's writ application on November 24, 1998.
Caterpillar argues that La. C.C.P. art. 561 is clear and unambiguousthe step must be taken in the trial court. However, the requirement that the step be taken in the trial court has been interpreted as necessitating that the step be evidenced in the trial court record. The Louisiana Supreme Court explained in Clark, supra, that the jurisprudence evolved to require the certainty of formal action in the judicial proceedings themselves rather than the uncertainty of informal action by counsel outside thereof. Clark, XXXX-XXXX, p. 16, 785 So.2d at 790. The rule requiring that a party's action be on the record is designed to protect a defendant, to ensure notice to the defendant of the actions. Id., XXXX-XXXX, p. 17, 785 So.2d at 790. It is essential that the trial court record, i.e., the case pleading report, evidence the step by the party in the prosecution or defense of the action. In the absence of such evidence, only two causes preventing the accrual of the three years required for abandonment are recognizedthe two exceptions previously noted. Id., XXXX-XXXX, p. 7, 785 So.2d at 784.
The trial court case pleading report in the instant case does not reflect any step in the proceeding taken by either plaintiff or Caterpillar from Caterpillar's September 1, 1998 filing of its notice of intent to take writs until plaintiff's October 16, 2001 filing of his motion to set for trial. While Caterpillar argues that the last step was August 13, 1998, the date it filed its opposition to plaintiff's motion to reinstate his action, Caterpillar's September 1, 1998 filing of its notice of intent can only be viewed as a formal action before the court intended to hasten the matter to judgment. Therefore, it was a step in the defense of the action.[2]
*193 Even though there is no authority for the proposition that the proceedings in this court constituted a step in the prosecution or defense of the action, the viability of the plaintiff's action against Caterpillar was at issue in the writ application. The only step taken by the plaintiff subsequent to Caterpillar noticing its intent to file the writ application was plaintiff's filing of a motion to set for trial on October 16, 2001. This suggests that, as far as plaintiff was concerned, it was the only step left to take relating to his action. There is no question but that Caterpillar would not have proceeded to trial while its writ application was pending in this court, or that the trial court or this court would have required it to do so. For purposes of the plaintiff-oriented exception to La. C.C.P. art. 561, when a plaintiff does not have the power to hasten the matter to trial, then his failure to do so cannot be said to be within his control. American Eagle Inc. v. Employers' Liability Assurance Corp., Ltd., 389 So.2d 1339, 1342-1343 (La.App. 1 Cir. 1980). Thus, plaintiff was prevented by circumstances beyond its control from taking the only step in the prosecution of its action left for it to take, and the plaintiff-oriented exception applies.
The plaintiff-oriented exception to La. C.C.P. art. 561 applicable in the instant case is based on the principle of contra non valentum. Clark, p. 7, 785 So.2d at 784-785. Contra non valentum (agere nulla currit prescriptio) is the well-established rule of prescription that prescription does not run against one who is unable to interrupt it. Melancon v. Continental Cas. Co., 307 So.2d 308, 311 (La. 1975).
The last step in the prosecution or defense of the action was Caterpillar's September 1, 1998 filing of a notice of intent to seek supervisory review from this court. Ordinarily, the three-year abandonment period would have commenced from that date. However, because plaintiff was effectively prevented from taking his next step in the prosecution of his action setting the case for trialuntil this court denied Caterpillar's writ application on November 24, 1998, the three-year period was interrupted until November 24, 1998, and did not commence until after that date. Plaintiff's October 16, 2001 filing of the motion to set for trial was filed within three years from November 24, 1998. Accordingly, the trial court properly denied Caterpillar's motion to dismiss on the grounds of abandonment.
For the foregoing reasons, we affirm the judgment of the trial court.
WRIT DENIED.
NOTES
[1] Causey v. Caterpillar Machinery Corporation, unpub., 98-2268 (La.App. 4 Cir. 11/24/98).
[2] While counsel for Caterpillar filed a notice of a change of address on October 12, 1999, this would not constitute a step by Caterpillar in the defense of the action. See James v. Formosa, 01-2056, p. 9, 813 So.2d at 341 (motion to substitute counsel of record not a step in the prosecution or defense of an action). The only other notation in the case pleading report is a notation that this court's writ denial was filed with the trial court on what appears to have been November 25 or 26, 1998. It does not credit any party with the filing, and this cannot be considered a step by either Caterpillar or plaintiff in the prosecution or defense of the action.