931 So.2d 1092 (2005)
Ernestine LEE
v.
COMMODORE HOLDINGS, LTD.
No. 2000-CA-1551.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 2005.
Opinion Granting Rehearing March 22, 2006.
*1093 William R. Mustian, III, Stanga & Mustian, P.L.C., Metairie, LA, for Plaintiff/Appellant.
Brian D. Wallace, W. Spencer Murphy, Evans Martin McLeod, Phelps Dunbar LLP, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS JR. and Judge DAVID S. GORBATY).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, Ernestine Lee, originally appealed a judgment in favor of the defendant-appellee, Commodore Holdings, Ltd. (hereinafter "Commodore"), granting Commodore's exception of improper venue and dismissing plaintiff-appellant's petition without prejudice. The appeal was stayed pursuant to Commodore's bankruptcy proceedings.
This matter is now before us pursuant to an order of this Court dated May 4, 2005, noting that the automatic bankruptcy stay of these proceedings has been lifted by operation of law in consequence of the confirmation of Commodore's bankruptcy plan. The order further directed the parties to brief the question of whether the appeal of this matter has been abandoned pursuant to La. C.C.P. art. 561 and/or Rule 20 of the Fourth Circuit Court of Appeal.
Ms. Lee previously filed a brief herein on August 7, 2000 and a reply brief on September 12, 2000. On April 2, 2001, Commodore filed a "Notice of Automatic Stay" in these proceedings. On April 12, 2001, this Court then stayed this case, "until the resolution of the action in the bankruptcy court." This Court inadvertently failed to send out a notice of the stay in accordance with Rule 20 of this Court.
The bankruptcy stay was lifted on March 15, 2002. No further action was taken in this case until just a few days shy of three years later when, on March 9, 2005, this Court ordered the parties to show cause why the case should not be dismissed as abandoned pursuant to La. C.C.P. art. 561 or, alternatively, why this Court's stay order of April 12, 2001 should not be vacated and recalled. On March 23, 2005, Ms. Lee responded to this Court's show cause order.
La. C.C.P. art. 561 provides that an "action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . ." La. C.C.P. art. 561 provides that abandonment is self-executing; *1094 it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784.
It is uncontested that neither party took any action in this case from the time the bankruptcy court lifted the stay on March 15, 2002, until March 23, 2005 when Ms. Lee responded to this Court's show cause order, a period of over three years. Therefore, if these are the only dates and factors to be considered, Ms. Lee's appeal must be dismissed for three years non-prosecution. Accordingly, we must determine whether there are any other pertinent dates or factors that might warrant a finding of non-abandonment.
The Supreme Court in Clark, 00-3010, p. 9-11, 785 So.2d at 786-787, explained the general purpose and policy behind La. C.C.P. art. 561:
[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned.
Policy Considerations Underlying Abandonment
Abandonment is a device that the Legislature adopted "`to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue.'" Sanders v. Luke, 92 So.2d 156 (La.App. 1st Cir. 1957)....
Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, "the logical inference is that the party intends to abandon the claim and the law gives effect to this inference." Young v. Laborde, 576 So.2d 551, 552 (La.App. 4th Cir.1991). The presumption of abandonment that arises under Article 561 as a result of three years of litigation inactivity, however, is not conclusive. As noted, two jurisprudential, prescription based exceptions are recognized. Moreover, given that dismissal is the harshest of remedies, the general rule is that "any reasonable doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." Id.

Abandonment is not a punitive concept; rather, it a balancing concept. Abandonment balances two equally sound, competing policy considerations: "on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription." Sanders, 92 So.2d at 159. The latter policy consideration parallels those served by prescriptive statutes-promoting legal finality, barring stale claims, and preventing prejudice to defendants. Gary v. Camden Fire Insurance Co., 96-0055 (La.7/2/96), 676 So.2d 553. More precisely, the latter prescriptive purpose on which abandonment is based promotes "the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets." 1 Judge Steven R. *1095 Plotkin, West Practice Group: Louisiana Civil Procedure 359 (2001). Given the balancing function served by abandonment, "Louisiana's jurisprudence tends to be inconsistent; no bright lines exist." Id. (emphasis supplied.) [Emphasis added throughout.]
Id., 00-3010, pp. 9-11, 785 So.2d at 786-787.
Subsequently, in Causey v. Caterpillar Machinery Corp., 02-0746, pp. 3 (La.App. 4 Cir. 6/26/02), 822 So.2d 188, 190, this Court described the guidelines for implementing La. C.C.P. art. 561 and the policies set forth above by the Supreme Court in Clark, including the three criteria necessary to prevent a case from being dismissed for abandonment:
La. C.C.P. art. 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court on the record of the suit, with the exception of formal discovery; and (3) that the step be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp. of La., 2001-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338. A party takes a step in the prosecution or defense of an action when "he takes formal action before the court intended to hasten the matter to judgment," or takes a deposition with or without formal notice. Id.; Clark v. State Farm Mut. Auto Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784.
This Court then recognized two jurisprudentially created categories of instances[1] in which a case may not be considered abandoned even in the absence of the above described three criteria normally required to prevent abandonment under La. C.C.P. art. 561:
However, there are two exceptions: (1) a plaintiff-oriented one, based on contra non valentum, that applies when the failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, p. 7, 785 So.2d at 784-785. . . . [Emphasis added.]
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark, p. 8, 785 So.2d at 779. La. C.C.P. art. 561 is not to be used to dismiss cases where a party has clearly demonstrated that it does not intend to abandon the action. Reed v. Finklestein, XXXX-XXXX, p. 7 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, 1035. This court generally has been reluctant to uphold dismissals where it appeared a plaintiff had not evidenced an intention to abandon a case. Naccari v. Namer, 2001-2410, p. 7 (La.App. 4 Cir. 2/6/02), 809 So.2d 1157, 1161.
Id., 02-0746, pp. 3-4, 822 So.2d at 191.
The bankruptcy stay would clearly fall within the contra non valentem exception. However, Ms. Lee does not argue that she took a step in the prosecution within three years of the lifting of the bankruptcy stay, effectively conceding that she cannot establish any of the three criteria required by La. C.C.P. art. 561 as set forth above in Causey. Ms. Lee argues that the bankruptcy court failed to notify her of the lifting of the stay. We will interpret this an argument on her part that she still *1096 comes under the plaintiff-oriented contra non valentem exception, i.e., we will treat this as an argument that her failure to take a step in the prosecution was due to circumstances beyond her control, and in doing so we are mindful of the jurisprudence giving the benefit of the doubt to the plaintiff.
However, plaintiff does not argue that the bankruptcy court failed to fulfill any mandatory notice requirements. Nor does the plaintiff offer an answer to the question of when, if ever, the case could be considered abandoned under her theory of the issue, i.e., if the plaintiff were entitled to wait until three years after receiving notice of the lifting of the stay from the bankruptcy court, a notice that the bankruptcy court would probably never send, the defendant might never be able to have the case dismissed for abandonment no matter how many years elapsed. Such a result is clearly unacceptable and contrary to the legislative intent behind La. C.C.P. art. 561 as explained in Clark, supra. Accordingly, we find that it was incumbent upon Ms. Lee to inquire periodically concerning the status of the bankruptcy proceedings. This would require her to inquire just enough more often than once every three years as to allow her to take a timely step in the prosecution in the event she were to discover that the stay had been lifted. We find that such a requirement does not impose an unduly onerous burden on the plaintiff and we can conjure up no alternative that would be fair to the defendant. Therefore, we find no merit in Ms. Lee's contentions concerning lack of notice from the bankruptcy court.
Next we must consider whether the show cause order of this Court of March 9, 2002, just a few days short of three years after the lifting of the stay order, could constitute a step in the prosecution of the case under La. C.C.P. art. 561, i.e., does this action by this Court interrupt the abandonment period? La. C.C.P. art. 561 literally requires an action by "the parties." In other words, a literal reading of La. C.C.P. art. 561 makes no provision for interruption of the three-year period for abandonment based on an action by a court. The argument in favor of such a literal interpretation is that an action by a court does nothing to demonstrate an interest by a party in pursuing the case, and the purpose of La. C.C.P. art. 561 is to require the parties to manifest some interest in the case. Thus, a literal reading of the language of Article 561 furthers the policy objective of the Article, whereas a broader reading that would include actions by a court would serve no superior policy objective, especially under the facts of this case where the object of the show cause order is the issue of abandonment. It would be incongruous to declare that the issuance by this Court of an order to show cause on the question of abandonment should ipso facto serve to defeat a claim of abandonment.
This Court's March 9, 2005 show cause order, issued just prior to the expiration of three years from the lifting of the bankruptcy stay, gave the parties ten days in which to respond, a period which expired just beyond three years after the lifting of the bankruptcy stay. This raises the additional question of whether the order of this Court issued prior to the expiration of the period of abandonment had the effect of extending that period during the ten-day response time called for in this Court's order. This would enable the plaintiff to argue that response to the show cause order, if timely, was a timely step in the prosecution. This Court finds no authority either directly or by analogy that states or implies that the show cause order of March 9, 2005 is either a step in the prosecution under La. C.C.P. art. 561 or *1097 that the ten-day response period set forth in the show cause order had the effect of extending the La. C.C.P. art. 561 three-year period until the expiration of the ten-day response time called for in the show cause order. Moreover, the plaintiff does not contend that she would have taken a step in the prosecution prior to the expiration of the three-year period were it not for the fact that she was lulled into believing that the show cause order gave her ten days in which to act, i.e., the plaintiff makes no claim of prejudice arising out of the ten-day period called for in the show cause order. Finally, we note that this Court's show cause order of March 9, 2005 mandated a response within ten days from that date. Therefore, the plaintiff's response of March 23, 2005 was not timely and, for that additional reason, should not serve to interrupt the three-year abandonment period.
As this Court has found that the plaintiff has abandoned her claim under La. C.C.P. art. 561, we need not consider the effect of Rule 20 of the Fourth Circuit Court of Appeal.
For the foregoing reasons, the plaintiff's appeal is dismissed as abandoned pursuant to La. C.C.P. art. 561.
APPEAL DISMISSED.
TOBIAS, J., concurs and assigns reasons.
TOBIAS, J., concurring and assigning reasons.
I respectfully concur.
Although I agree with the majority's reasoning and conclusion that the appeal must be dismissed, I find that an explanation of why rule 20 of the local rules of this court does not rescue the plaintiff-appellant from the order of dismissal is required.
In my view, La. C.C.P. art 561 supersedes rule 20 under the facts of this case. That is, if a copy of a bankruptcy stay notice is filed in the court of appeal, the three-year article 561 period is reduced to one year if the clerk of court sends the rule 20 notice; if the clerk of court fails to send the one-year notice, then the case is abandoned if a party takes no step in the prosecution of the case within three years.
In the case at bar, no party took a step in the prosecution of this appeal within three years from the lifting of the stay by the bankruptcy court.

ON REHEARING GRANTED
JOAN BERNARD ARMSTRONG, Chief Judge.
We grant rehearing in order to consider the differences, if any, between the rules for abandonment under La. C.C. P. art 561 A(1) as opposed to the rules La. C.C.P. art. 561 C. La. C.C.P. 561 A(1), which applies to abandonment in the trial court, requires a "step" in the "prosecution" by one of the "parties" within three years. On the other hand, La. C.C.P. art. 561 C which applies to abandonment in the appellate courts, states that appeals are abandoned in accordance with the rules of the appellate court, in this case Court of AppealFourth Circuit Rule 20 which states in pertinent part:
A. Except as provided hereafter when no activity occurs in an appeal for three years, the appeal shall be dismissed as abandoned, and notice thereof shall be sent to the appellant or the appellant's attorney at the last address shown on the court's records. [Emphasis added.]
B. If a stay order or notice thereof resulting from a bankruptcy ... is filed the Clerk of Court shall send a notice to the appellant that one *1098 year thereafter the appeal shall be dismissed as abandoned unless the appellant in the meantime files a motion showing why the appeal should not be dismissed. [Emphasis added.]
In the instant case it is undisputed that the notice to the appellant called for under Rule 20 B was never sent. Therefore, the one-year abandonment period provided by Rule 20 B does not apply. As the one-year abandonment under Rule 20 B cannot apply in the instant case for lack of notice, we must refer to Rule 20 A, a three-year rule. In other words, we read Rule 20 as providing a special one-year abandonment for bankruptcy situations when the notice called for in paragraph "B" is sent, but when that notice is not sent, the more general provisions of paragraph "A", which sets forth a three-year rule, apply.
While Rule 20 A and La. C.C.P. art. 561 A(1) both set forth a three-year rule for abandonment, we find there to be material differences in the language of each prescribing what must occur within the three years in order to prevent abandonment. As the language differences are material, we find that Rule 20 A and La. C.C.P. art. 561 A(1) prescribe different requirements for what must occur prior to the expiration of the three-year period.
Thus, while the abandonment rule for the trial court under La. C.C.P. art. 561 A(1) speaks in terms of a "step" in the "prosecution" by one of the "parties," Rule 20 A (which prescribes the rules for abandonment in this Court pursuant to La. C.C.P. art. 561 C) makes no mention of "parties," "step" or "prosecution." Rule 20 A speaks only in general terms of "activity" without any of the modifying terms, "parties," "step" "or prosecution." There is nothing in Rule 20 A to restrict the general term "activity" to "parties" or to "steps in the prosecution." Thus, the term "activity" is broad enough to include an action by this Court in addition to actions by the parties.
"Activity" is a term not to be found in La. C.C.P. art. 561. Had the legislature intended that the three-year rule must be applied in the same manner in both the trial court and in the court of appeal, there would have been no reason to have enacted both La. C.C.P. art. 561 A(1) and 561C. Consistent with our determination that the clear language of La. C.C.P. art. 561 C requires us to give effect to the rules of the courts of appeal for abandonment purposes as distinguished form the rules applicable to the trial court under La. C.C.P. art. 561 A(1), we find that had this Court intended to make La. C.C.P. art. 561 A(1) applicable to this Court, as would be our prerogative, it would have been easy enough to incorporate the language of 56 A(1) into our Rule 20 A. But this Court chose instead to adopt different language, speaking in general terms of "activity" instead of "parties," "step" or "prosecution."
As we noted in our original opinion, abandonment is not favored, it is not meant to dismiss actions on mere technicalities, and La. C.C.P. art. 561 A is to be liberally construed in favor of maintaining a plaintiff's suit. Thus, any action or step taken to move the case forward should be considered. Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981; Jefferson Indoor Shooting Center, Inc. v. New Orleans Sports, Inc., 95-1978, 95-1979 (La.App. 4 Cir. 3/14/96), 671 So.2d 976. The term "step" requires liberal construction. Dept. of Transp. and Development v. Waste Management, Inc., 626 So.2d 59 (La.App. 3 Cir.1993).
It stands to reason that Rule 20 A, made applicable by La. C.C.P. art. 561 C, must be equally liberally construed in favor *1099 of maintaining a plaintiff's suit and that the term "activity" found in Rule 20 A should be construed just as liberally as is its analogue, "step," found in La. C.C.P. art. 561 A(1).
In this case, this Court issued a show cause order on its own motion within three years. We find this sufficient to constitute "activity" under Rule 20 A. Accordingly, we find that this appeal has not been abandoned.
For the foregoing reasons, we vacate the original judgment of this Court, thereby reinstating the plaintiff's appeal. It is further ordered that the stay order of April 12, 2001 be vacated and recalled.
JUDGMENT VACATED; APPEAL REINSTATED; STAY ORDER RECALLED
TOBIAS, J., concurs in part, dissents in part, and assigns reasons.
TOBIAS, J., Concurring in Part, Dissenting in Part, and Assigning Reasons.
I respectfully concur in part and dissent in part.
In adopting local rule 20, I doubt whether this court ever intended to make a distinction between the word "activity" found in rule 20A and the words, "step," "prosecution," or "parties" in La. C.C.P. art 561 A. Moreover, I believe that this court used the word "activity" as shorthand for the La. C.C.P. art. 561 A language as a result of the revision to article 561 shortening the period of time for abandonment from five years to three years. See also Comment (a) to the 1966 revisions of article 561. Such is reinforced by a careful reading of rule 20 B, which is actually unworkable as written.
Rule 20 B states:
If a stay order or notice thereof resulting from a bankruptcy, receivership, liquidation, or like proceeding is filed the Clerk of Court shall send a notice to the appellant that one year thereafter the appeal shall be dismissed as abandoned unless the appellant in the meantime files a motion showing why the appeal should not be dismissed. [Emphasis added.]
Rule 20 B leaves open the following questions: When is the appellant required to file his motion? Can he file it immediately upon receipt of the notice from the clerk of court? Must the appellant wait closer to the end of the one-year period to file his motion?
It seems to me that the appellant has some burden to keep track of the existence of the stay in the bankruptcy proceeding, which the appellant in the case at bar did not, for he let the three-year period accrue without inquiry as to the status of the bankruptcy proceedings against the appellee.
Because our clerk of court did not follow rule 20 B, I am willing to rescue this appellant from the dismissal of his appeal because appeals are favored in the law. But I respectfully disagree with the majority's expanded reading of the word "activity" in Rule 20 A, for I find that it is intended to place the burden on a party to keep track of the stay and its applicability to his, her, or its appeal.
NOTES
[1] Referred to in Clark, 00-3010, p. 10, 785 So.2d at 787, as "prescription based exceptions. . .," consistent with references throughout the jurisprudence noting the prescriptive nature of the three-year period for abandonment.