984 So.2d 85 (2008)
Byard EDWARDS, Jr., et al.
v.
CHRYSLER MOTOR COMPANY, INC. and/or Daimler Chrysler Motors Company, Inc.
No. 2007 CA 0326.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
*87 Byard Edwards, Jr., Hammond, LA, In Proper Person Plaintiff-Appellant.
Jenel G. Secrease, Hammond, LA and Max Folkenflik, New York, NY, for Plaintiff-Appellant, Byard Edwards, Jr.
David G. Radlauer, Tara G. Richard, New Orleans, LA, and Jeffrey S. Russell, St. Louis, MO, for Defendant-Appellee, DaimlerChrysler Corp.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
In this appeal, plaintiff, Byard Edwards, Jr., appeals a judgment denying his motion to amend a petition to reassert class action claims following the dismissal of those claims by the trial court. Plaintiff also appeals the dismissal of his individual claim on the basis of abandonment. We affirm.

BACKGROUND
On May 8, 2000, plaintiff, an attorney, filed a "nationwide class action" lawsuit against DaimlerChrysler Corporation (Chrysler), seeking damages as a result of Chrysler's alleged unfair trade practices. Plaintiff averred that he was forced to purchase two parts to repair the air conditioning system on his Chrysler vehicle, a clutch and an air compressor, even though only one of the parts needed to be replaced. Plaintiff asserted that Chrysler's action in marketing the clutch and compressor as a single unit constituted an unfair trade practice. In the lawsuit, plaintiff identified the class members as all persons in the United States who purchased a clutch/compressor unit for a Chrysler vehicle when only one of the parts was broken during the applicable prescriptive period.
Chrysler filed a peremptory exception raising the objection of no cause of action and a motion to strike the class allegations, urging that Louisiana's Unfair Trade Practices Act, La. R.S. 51:1409 et. seq., does not permit a private class action. On November 27, 2002, the trial court issued an order granting Chrysler's exception and motion, and dismissed the lawsuit with prejudice. Thereafter, on January 27, 2003, the trial court issued a judgment "striking all allegations as to class action from the suit." The judgment stated that the plaintiffs individual cause of action was not dismissed. The court certified the judgment as a final one in accordance with La. C.C.P. art.1915 for the purpose of an immediate appeal.
On January 30, 2003, plaintiff filed a motion to appeal the January 27, 2003 judgment to this court. An order of appeal was granted on February 5, 2003. On May 12, 2003, plaintiff filed a motion for an extension of time to pay appeal costs in the trial court. Plaintiff paid the appeal costs on June 10, 2003. On October 1, 2003, this court notified plaintiff that the appeal would be dismissed if a brief was not filed on his behalf on or before October 31, 2003. Plaintiff failed to file a brief, and on November 13, 2003, this court dismissed the appeal as abandoned. Edwards v. Chrysler Motor Company, Inc., XXXX-XXXX (La.App. 1st Cir.11/13/03)(unpublished).
On February 19, 2004, a motion to enroll as counsel for plaintiff was filed in the trial court. No further action was taken in the trial court until August 15, 2006, when plaintiff filed a motion for leave of court to *88 file an amended and restated petition. The amended petition basically reiterated the allegations of the original petition, including the class action allegations.
Chrysler objected to the motion for leave to file the amended petition, challenging plaintiffs attempt to revisit the court's ruling that struck all class allegations from the petition. Chrysler also insisted that plaintiffs individual claim had been abandoned under La. C.C.P. art. 561, which provides that an action is abandoned when the parties fail to take a step in the prosecution or defense in the trial court for a period of three years. Chrysler pointed out that the last time plaintiff took an affirmative action in this case was when he paid the appeal costs on June 10, 2003. Even if that action was a step towards prosecution as contemplated by La. C.C.P. art. 561, Chrysler posited the lawsuit was abandoned by operation of law as of June 10, 2006, Therefore, Chrysler argued plaintiff could not resurrect an abandoned case by requesting leave to amend the petition.
The trial court denied the motion to file an amended petition, finding that all claims, including plaintiffs individual claim, had been abandoned under La. C.C.P art. 561. Plaintiff appealed, and on March 16, 2007, this court issued a show cause order, observing therein that the judgment did not contain decretal language dismissing the plaintiff's claims. On April 3, 2007, the trial court signed an amended judgment which provided that all of plaintiff's claims were dismissed.

DISCUSSION
In this appeal, plaintiff raises two assignments of error. First, he submits that the trial court erroneously dismissed this case on the basis of abandonment. Secondly, plaintiff contends that the trial court erred in denying his motion to amend the petition to reassert the class action claims. He submits that the trial court erred in originally striking the class action claims from his petition in the January 27, 2003 judgment because that ruling exceeded the scope of Chrysler's exception of no cause of action. Plaintiff posits that he should be allowed to amend the petition to clarify that he is seeking to represent plaintiffs from all states other than Louisiana.
We first address whether the trial court correctly denied the motion to amend the petition to reassert the class action claims. The original petition is styled as a nationwide class action, and the trial court's January 27, 2003 judgment dismissed all class action claims. Thus, the court clearly dismissed all of the nationwide class action claims in its January 27, 2003 judgment. The trial court certified the judgment as a final one for the purpose of an immediate appeal pursuant to La. C.C.P. art. 1915(B). Plaintiff took an appeal from that judgment, but abandoned the appeal. Nevertheless, the judgment acquired finality when plaintiff failed to prosecute the appeal of that judgment. Plaintiff may not relitigate the merits of the trial court's dismissal of all of his class action claims in this appeal. Accordingly, we conclude that the trial court correctly denied plaintiff's motion to amend the petition to reurge the class action claims.
Next, we address whether the trial court correctly dismissed the individual claim on the basis of abandonment. Louisiana Code of Civil Procedure article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. The jurisprudence makes it clear that article La. C.C.P. 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of *89 formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. James v. Formosa Plastics Corporation of Louisiana, 2001-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338. A party takes a "step" when he takes formal action before the court intended to hasten the matter to judgment. Id.
Plaintiff submits that the filing of the amended petition on August 15, 2006 was within the three year abandonment period for three reasons. First, he argues the amended petition was filed within three years of the date on which various actions were taken in this court in connection with his appeal of the January 27, 2003 judgment, and thus the case could not be deemed abandoned. Those actions include: (1) August 25, 2003, the date on which the record was lodged in this court; (2) October 1, 2003, the date on which this court issued a notice advising that briefs had to be filed; and (3) this court's November 13, 2003 judgment stating that the appeal was abandoned. Plaintiff also points out that on February 19, 2004, within the three-year abandonment period, a motion to enroll as counsel was filed in the trial court by a law firm representing him. Thirdly, plaintiff contends that the abandonment period on his individual claim could not run while the appeal of the class actions claims was pending in this court; and thus, the amended petition, filed within three years of the date this court dismissed the appeal, was a step in the prosecution of the underlying case preventing the running of the abandonment period.
It is well settled that the filing of motion to substitute counsel does not constitute a step in the prosecution or defense of the action that will serve to interrupt prescription of the abandonment period. See James, 2001-2056 at p. 9, 813 So.2d at 341. Thus, the February 19, 2004 motion to enroll as counsel cannot be considered a step in the prosecution of the action for the purpose of La. C.C.P. art. 561. Moreover, plaintiff's reliance on actions in this court, i.e. the date the record was lodged in this court, the date this court issued notice to file briefs, and the date this court issued its order denying the writ application as steps interrupting the prescriptive period under La. C.C.P. art. 561 is misplaced. Actions taken by courts do not interrupt the abandonment period simply because they are not actions in the prosecution or defense of the action taken by the parties in the trial court as required by La. C.C.P. art. 561. James, 2001-2056 at pp. 8-9, 813 So.2d at 340-341.
The last "step" in the prosecution or defense of the lawsuit in the trial court appearing in the record occurred on January 28, 2003, when plaintiff filed a memorandum challenging the dismissal of the entire litigation by the trial court on November 27, 2002. The filing of the amended petition on August 15, 2006, is well outside the three-year abandonment period.
The only issue remaining for our consideration is whether the appeal of the class action claims tolls the running of the abandonment period on the individual claim, where no stay had been requested nor granted by the trial court. We conclude under the circumstances of this case, it did not interrupt the running of the abandonment period.
In James, 2001-2056 at pp. 7-8, 813 So.2d at 340, the Louisiana Supreme Court was asked to determine whether La. C.C.P. art. 561's abandonment period was interrupted as to a plaintiff's action against one defendant while the plaintiff was pursuing the dismissal of a co-defendant on the grounds of prescription on appeal. The court concluded that the plaintiff's action against the defendant remaining in the *90 trial court was abandoned. In so doing, the court observed that the trial court retained jurisdiction over the action against the remaining defendant because none of the matters relating to that defendant were reviewable on appeal. The court stressed that the plaintiff never requested a stay of the proceedings in the trial court and none was ever granted. Thus, the court concluded, there was nothing to prevent the plaintiff or the remaining defendant from taking steps in the prosecution or defense of the action even though the issue of another defendant's dismissal was on appeal.
In Causey v. Caterpillar Machinery Corporation, XXXX-XXXX (La.App. 4th Cir.6/26/02), 822 So.2d 188, the court was faced with the issue of whether the abandonment period was interrupted while a writ application, filed by the defendant, was pending in the appellate court. In Causey, the plaintiff filed a personal injury lawsuit against multiple defendants. Caterpillar, one of the defendants, sought supervisory review of a trial court ruling denying its motion to dismiss the lawsuit on the basis of abandonment. On October 16, 2001, more than three years after the writ application was filed, but within three years of the date the application was denied, the plaintiff filed a motion to set the case for trial. Caterpillar argued that James was dispositive and mandated a finding that the plaintiff's case was abandoned at the time plaintiff's motion to set the case for trial was filed. The fourth circuit disagreed, and applied the "plaintiff-oriented" exception to the abandonment provision, which holds that when a plaintiff does not have the power to hasten the matter to trial, then his failure to do so cannot be said to be within his control. In so doing, the court stressed that the case before it differed from James in one fundamental respect: the defendant filed the writ application. The court reasoned that because the defendant filed the writ application, the plaintiff was effectively prevented from taking his next step in the prosecutionsetting the case for trial until the appellate court denied the writ application. The court noted that there was no question but that Caterpillar would not have proceeded to trial while its writ application was pending in the appellate court or that the trial court or the appellate court would have required it to do so. Thus, the court concluded the three-year abandonment period was interrupted until the date the appellate court denied the writ application and did not commence to run until after that date. Causey, XXXX-XXXX at pp. 6-7, 822 So.2d at 192-193.
The instant case differs from Causey in two important respects: the appellate action in Causey was taken by the defendant, and it addressed all of the plaintiff's claims against that defendant. The plaintiff-oriented exception to the abandonment provision is inapplicable in this case because nothing prevented plaintiff from pursuing his individual claim while the class action claims were on appeal. Moreover, although James involved multiple defendants and is thus not dispositive of this case, we believe the same rationale applies in the case of multiple claims against the same defendant.
Herein, plaintiff appealed one of two separate causes of action asserted against Chrysler in the trial court. The judgment appealed from specifically excluded plaintiff's individual claim. Clearly, the court retained jurisdiction over that claim pursuant to La. C.C.P. art.2088 since the individual claim was not reviewable on appeal. Plaintiff never requested a stay of the proceedings in the trial court, and took no step with respect to that action for over three years, although nothing prevented plaintiff from doing so. Accordingly, employing *91 the rationale of James, we conclude that the appeal of the class action claims did not toll the running of the three year-abandonment period on the plaintiff's individual claim, and hold that the trial court correctly dismissed this claim on the basis of abandonment.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Byard Edwards, Jr.
AFFIRMED.