NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-337

ALBERT LUQUETTE, JR.,
JOETTA WEAVER, DONNA FAUL,
AND SHANNON LUQUETTE

VERSUS

SAMSON CONTOUR ENTERGY E&P, LLC,
AND BABY OIL, INC.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NUMBER 92595
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.

APPEAL SUSPENDED.
REMANDED WITH INSTRUCTIONS.

Gerald C. deLaunay
Perin, Landry, deLaunay, Dartez & Ouellet
Post Office Box 53597
Lafayette, Louisiana 70505
(337) 237-8500
Counsel for Plaintiffs/Appellants:
    Albert Luquette, Jr., Joetta Weaver,
    Donna Faul, and Shannon Luquette

**Standwood R. Duval**
**Duval, Funderburk, Sundbery,**
**Lovell & Watkins**
**Post Office Box 3017**
**Houma, Louisiana 70361**
**(985) 876-6410**
**Counsel for Defendant/Appellee:**
  **Baby Oil, Inc.**

**Jacques P. Soileau**
**Soileau Law Office, LLC**
**Post Office Box 344**
**Breaux Bridge, Louisiana  70514**
**(337) 332-4561**
**Counsel for Plaintiffs/Appellants:**
  **Albert Luquette, Jr., Joetta Weaver,**
  **Donna Faul, and Shannon Luquette**

**Adam B. Zuckerman**
**Baker, Donelson, Bearman**
**Caldwell & Berkowitz, P.C.**
**201 St. Charles Avenue, Suite 3600**
**New Orleans, Louisiana  70170**
**(504) 566-5200**
**Counsel for Defendant/Appellee:**
  **Samson Contour Energy E&P, LLC**

**COOKS, Judge.**

Plaintiffs/Appellants, Albert Luquette, Jr.; Joetta Weaver; Donna Faul; and Shannon Luquette (Plaintiffs), appeal an October 15, 2018 judgment dismissing their case on the ground of abandonment. For the reasons that follow, we suspend the appeal and remand this matter to the trial court with instructions to issue a judgment containing proper decretal language.

## FACTS AND PROCEDURAL HISTORY

On July 16, 2010, Plaintiffs filed suit against Samson Contour Energy E&P, LLC (SCE), as a successor in interest to Kelley Oil Corporation (Kelly Oil), and Baby Oil, Inc. (Baby Oil), alleging that their property is contaminated with oilfield waste from the operation of wells on the property by Defendants. SCE asserted exceptions of nonconformity with La.R.S. 30:29 (Act 312), nonconformity with La.Code Civ.P. art. 891, vagueness and ambiguity, and want of amicable demand. On April 11, 2011, the matter was stayed "until thirty days after plaintiffs file into the record and serve on all counsel copies of the return receipts of their notices to the Department of Natural Resources, commissioner of conservation, and the Attorney General of the filing of this action."[1] There was also a stay resulting from the bankruptcy of SEC's affiliate, Samson Resources Corporation, which was filed on September 16, 2015.

On January 29, 2018,[2] Plaintiffs were granted leave to file a first supplemental and amending petition. In response, SCE filed exceptions of vagueness, ambiguity, prematurity, and want of amicable demand which were adopted by Baby Oil. In a separate pleading, SCE filed an ex parte motion to

---

[1] This notice was filed by Plaintiffs on March 22, 2018.

[2] The order indicates that it was signed on January 20, 2017; however, the filing stamp indicates that it was filed into the record on January 26, 2018. There is another order granting Plaintiffs leave to file an amending petition dated October 15, 2017.

dismiss the entire lawsuit, including the claims asserted in the First Supplemental and Amending Petition for Damages, as abandoned based on the assertion that no step in the prosecution or defense of the matter was taken between August 1, 2012, and August 1, 2015.

On October 15, 2018, following a hearing, the trial court granted the motion to dismiss and signed a judgment. That judgment provided, in pertinent part, as follows:

> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss due to abandonment be and is hereby granted. This court finds that evidence of acknowledgment of the debt was not filed into these proceedings. Costs associated with these proceedings are assessed to plaintiffs.

Plaintiffs filed a motion for devolutive appeal of that judgment. When the record was received by this court, we discovered that "the judgment did not contain decretal language dismissing the plaintiff[s'] claims." *Edwards v. Chrysler Motor Co., Inc.*, 07-326, p. (La.App. 1 Cir. 2/8/08), 984 So.2d 85. Therefore, we ordered Plaintiffs to show cause why the appeal should not be dismissed as having been taken from a judgment lacking proper decretal language.[3] *See Edwards*, 984 So.2d 85 and La.Code Civ.P. art. 561(A)(3).[4] Plaintiffs did not timely respond to the rule to show cause, but they ask this court to allow the appeal to move forward "in the way that it is currently postured" or to allow them time to request that the trial court amend the judgment.

---

[3] This court has "the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue." *Gabriel v. Delta Air Lines, Inc.*, 16-210, p. 2 (La.App. 5 Cir. 10/19/16), 202 So.3d 1184, 1185. Unless the appellate court's jurisdiction "is properly invoked by a valid final judgment[,]" it cannot determine the merits of an appeal. *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, p. 2 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910.

[4] Louisiana Code of Civil Procedure Article 561(A)(3) provides that the abandonment provision "shall be operative without formal order, but, on ex parte motion of any party . . ., the trial court shall enter a formal order of dismissal as of the date of its abandonment."

2

In the instant case, the judgment contains no decretal language to dismiss Plaintiffs' claims and does not comply with La.Code Civ.P. art. 561(A)(3) because it does not dismiss Plaintiffs' claims.[5] Consequently, this court finds that it lacks jurisdiction to consider the merits of the appeal and cannot simply allow the matter to proceed in its current procedural posture. Instead, we will stay the appeal and remand this matter to the trial court for the limited purpose of rendering a proper final judgment as we did in *Mouton v. AAA Cooper Transp.*, 17-666, 17-667 (La.App. 3 Cir. 1/10/18), 237 So.3d 594.

## DECREE

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from a judgment that lacks proper decretal language. This appeal is suspended, and the matter is remanded to the trial court with instructions to sign a judgment containing proper decretal language no later than July 18, 2019. The Clerk of Court for the Fifteenth Judicial District Court shall forward the judgment so signed to this court as a supplement to the appellate record, in duplicate.

**APPEAL SUSPENDED. REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

---

[5] "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine Sys., Inc. v. Wilson Greatbatch Tech., Inc.*, 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916. *See also Perkins v. BBRC Invs., LLC*, 14-298 (La.App. 1 Cir. 10/17/14), 205 So.3d 930.