BROWN, C.J.
I,The State of Louisiana’s Office of Risk Management appealed from.-a judgment dismissing its petition of intervention on the grounds of abandonment. For the following reasons, we affirm the trial, cpurt’s judgment.
FACTS AND PROCEDURAL HISTORY.
On February 2, 2007, plaintiff, Deborah Allen, an employee of the Louisiana Department of Social Services (“LADSS”), was riding as a passenger in-a LADSS vehicle. On that date, the LADSS vehicle was struck from behind by a vehicle driven by Matthew Humphrey. On. January 17, 2008, Ms. Allen filed a petition seeking damages for injuries sustained , in the accident from defendants, Mr. Humphrey, and his automobile insurer, Imperial. Fire, and Casualty Insurance Company.
On February 11, 2008, defendants filed an answer and jury demand. On April 14, 2008,-the State of- Louisiana, Division of Administration, Office of Risk. Management filed a. petition., of intervention claiming a subrogation interest .against defendants for past and .future workers’ compensation payments paid to, or on behalf of, Ms. Allen. Defendants and Ms. Allen each answered the petition, of intervention.
On May 9, 2008, Ms.. Allen filed an amended petition for damages and named LADSS as a defendant pursuant to an underinsured motorist claim'. The original defendants, Mr. Humphrey and Imperial, answered the amended petition. On November 12, 2008, intervenor filed a motion *258 for summary judgment seeking to have Ms. Allen’s claims against the LADSS dismissed. They claimed that they had no uninsured motorist coverage and |¾Allen’s exclusive remedy against her employer was a claim for workers’ compensation. The trial court granted summary judgment and dismissed Ms. Allen’s claims against LADSS on January 5, 2009.
On January 12, 2012, intervenor filed a motion for a pretrial conference. At the pretrial conference, the matter was set for trial on January 28, 2013. On January 15, 2013, Ms. Allen filed a motion for a continuance to resolve her pending workers’ compensation claims. The trial court ordered the continuance. Ms. Allen’s worker’s compensation claims were resolved with a consent judgment signed by the worker’s compensation judge on August 5, 2013.
On February 8, 2013, defendants filed a motion and order to withdraw a jury bond, which the court denied. On September 18, 2014, counsel for defendants sent a letter addressed to counsel for Ms. Allen and counsel for intervenor. The letter reads:
I thought I would write once again to try to bring this matter across your desks. We would like to try to settle this case for the policy limit but [I] never received any instructions with respect to the resolution of the workers’ compensation claim. Please let me know if any progress has been made in that regard. Further, please let me know if there is anything we can do to push this matter forward.
On March 14, 2016, defendants filed a motion to dismiss the claim on the grounds of abandonment. On May 16, 2016, a hearing was held on the motion to dismiss. The trial court filed its judgment granting defendants’ motion to dismiss on May 24, 2016. Intervenor perfected the instant appeal.
DISCUSSION
Intervenor argues that the letter from defense counsel signifies an unconditional tender and thus constitutes an acknowledgment of liability by [ ^defendants, meaning defendants waived them right to assert abandonment of the claim. Defendants, in turn, argue that the letter was merely informal settlement negotiations which did not constitute a waiver of their right to assert abandonment of the suit.
Louisiana Code of Civil Procedure article 561 governs abandonment and it reads in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding: ....
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested party by affidavit which provides that no step had been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution of defense of an action.
Article 561 has been interpreted as placing three constraints on parties to preclude abandonment: (1) a party must take some “step” toward prosecution of the lawsuit; (2) the step must be taken in the proceeding and, with the exception of formal discovery, appear on the record; and (3) the step must take place within the *259 legislatively required three-year time period of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La. 05/15/01), 785 So.2d 779.
A “step” that will preclude abandonment is defined as taking formal action before the court which is anticipated to hasten the suit toward judgment, or taking a deposition with or without formal notice. Id. Article |4561 provides that abandonment is self-executing; it occurs automatically once three years passes and neither party has taken a step in the prosecution or defense of the case. The record shows that there was no formal action taken in this case within the three-year requisite period after defendants filed a motion and order to withdraw a jury bond on February 8, 2013. Therefore, on the face of the record, intervenor’s claims are abandoned.
Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis. Wolf Plumbing, Inc. v. Matthews, 47,822 (La.App. 2 Cir. 09/25/13), 124 So.3d 494. "Whether a particular act, if proven, impedes abandonment is a question of law that is examined by ascertaining whether the trial court’s conclusion is legally correct. Id.
If no steps furthering the claim transpired, we look to whether one of the two jurisprudential exceptions to the abandonment rule is applicable: (1) plaintiff may show that his or her failure to prosecute the claim was caused by circumstances beyond plaintiffs control (contra non valentem); or (2) plaintiff can verify that the defendant waived his right to claim abandonment by taking actions incompatible with an intent to regard the case as abandoned, an exception based on acknowledgment. Clark, supra. Intervenor does not assert that events outside of its control transpired which prevented it from prosecuting its intervention claim. Therefore, we examine whether defendants acted in a manner inconsistent with the desire to treat the case as abandoned.
The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit. Id. The ^Louisiana Supreme Court has ruled that extrinsic evidence may be considered by the trial court in ruling on whether defendant’s actions constituted a waiver. Id. Therefore, defense counsel’s letter to plaintiff and intervenor may be considered. The issue is whether defense counsel’s letter may be characterized as informal settlement negotiations or an acknowledgment which served to interrupt the abandonment period causing it to run anew.
In Clark, supra, the plaintiff and defendant were involved in an automobile accident. The defendant’s insurer offered the plaintiff a $3,000 draft with correspondence which read, “please accept this draft as our unconditional tender to conclude the above claim.” The plaintiff accepted the tender and cashed the draft. The plaintiff also filed a copy of the draft and correspondence into the record. The court observed, “An unconditional tender is made to a plaintiff not in settlement of the case, but to show the insurer’s good faith in the matter and to comply with the duties imposed upon them under their contract of insurance with the insured.” Clark, 785 So.2d at 791 (internal quotation marks omitted). An unconditional tender comes free of requirements, and, thus, cannot be a settlement offer. Id.
Extrajudicial efforts such as informal settlement negotiations among parties have consistently been held to be inadequate to constitute a step which interrupts abandonment. Id. The Clark court found that the effect of the unconditional tender *260 was ‘⅛0 protect the defendant’s interests ... [in avoiding] penalties and attorney’s fees .. at the conclusion of the case,” demonstrating the defendant’s belief the case would proceed. Id,
In In Re Succession of Wright, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, this Court found that informal settlement negotiations between the parties, a deposition notice to the defendant, and the defendant’s appearance at a deposition after his motion to dismiss on grounds of abandonment was filed did not constitute a waiver of abandonment.
Conversely, this Court found that a claim was not abandoned in State, Dept. of Transportation & Development v. Cole Oil & Tire Co., 36,122 (La.App. 2 Cir. 07/17/02), 822 So.2d 229. In that case, the landowner brought an increased compensation claim for expropriated property. During the alleged three year period when no, steps were taken in the case, the landowner corresponded with opposing counsel to ascertain deposition dates, which opposing counsel asked to delay. Opposing counsel informed, the landowner that the original appraiser was unavailable and a new one was asked to’ appraise the property. Opposing counsel also corresponded with the landowner’s counsel regarding the appraiser’s access to the property. Additionally, the, landowner’s counsel requested the results of the appraiser’s inspection. Id.
This-Court in Cole Oil & Tire Co., 822 So.2d at 234, found that when looking at the totality of the circumstances, it was clear that the defense participated in the proceeding as evidenced by opposing counsels’ consistent correspondence with each other.- The Court further stated that the activity in the case would have led the landowner to believe that defendant had no intention of asserting abandonment, and the Court found that the action was not abandoned. Id.
|7The intervenor in the instant case relies solely on a letter from defense counsel to intervenor’s counsel and plaintiffs counsel. The letter does not state that defendants are making an unconditional tender, and no money changed hands between the defendants and opposing parties. Additionally, the letter itself states that “We would like to try to settle this case....” No other activity regarding the case occurs after defendants filed the motion and order to withdraw a jury bond on February 8, 2013, other than the one letter between opposing counsel. The correspondence is clearly a part of opposing counsels’ informal settlement negotiations, and is not an unconditional tender or acknowledgment of liability constituting a step in the defense of the claim constituting a waiver of abandonment.
CONCLUSION
For the reasons set forth above, the trial court’s judgment is affirmed. Costs are assessed to intervenor, the State of Louisiana, Division of Adminstration, Office of Risk Management.
AFFIRMED.