STEPHENS, J.
Plaintiff, Timothy Martin, appeals a judgment by the First Judicial District Court, Parish of Caddo, State of Louisiana, in favor of defendant, National City Mortgage Company, granting its motion to dismiss on the grounds of abandonment. For the following reasons, we affirm the trial court's judgment.
FACTS AND PROCEDURAL HISTORY
Timothy Martin and National City Mortgage Company ("National City") entered into a construction loan agreement on February 11, 2004, for a log cabin home of which Martin was to serve as both builder and general contractor. Martin and National City subsequently disagreed regarding *146 the disbursement of funds under the loan agreement and the interpretation of the terms of the agreement. Martin filed suit against National City on November 2, 2007, for breach of contract and violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). After multiple scheduling orders and joint motions to continue trial, National City filed a motion for summary judgment on November 27, 2013.
On March 21, 2014, the trial court granted the motion as to the LUTPA claims and denied the motion as to the breach of contract claims. That same day, National City filed its notice of intent to seek a supervisory writ, the order for which was signed by the trial court on March 24, 2014.
This court denied National City's writ application on March 29, 2014. Thereafter, National City applied for a writ of certiorari with the supreme court on June 27, 2014, which was denied on October 3, 2014.[1] No further activity occurred in the suit until September 29, 2017, when Martin filed a request to schedule a status conference and issued a notice of deposition to National City to depose its expert.
On October 25, 2017, National City filed an ex parte motion and order to dismiss the suit as abandoned. In compliance with La. C.C.P. art. 561, National City submitted with its motion and order an affidavit of its counsel of record attesting that no step in the prosecution or defense of the action had taken place during the three-year abandonment period. Martin filed written opposition to National City's motion on November 2, 2017.
On January 23, 2018, the trial court issued a written ruling granting National City's motion. It held that the last step taken in the prosecution or defense of this action occurred when National City filed its notice of intent to seek supervisory writs on March 21, 2014, and that the action was, thus, abandoned.[2] This appeal by Martin ensued.
DISCUSSION
The sole issue is whether this action was properly dismissed as abandoned pursuant to La. C. C. P. art. 561, which reads in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding: ...
...
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested party by affidavit which provides that no step had been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution of defense of an action.
*147 Article 561 has been interpreted as placing three constraints on parties to preclude abandonment: (1) a party must take some "step" toward prosecution of the lawsuit; (2) the step must be taken in the proceeding and, with the exception of formal discovery, appear in the record; and (3) the step must take place within the legislatively required three-year time period of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co. , 2000-3010 (La. 5/15/01), 785 So.2d 779 ; Allen v. Humphrey , 51,331 (La. App. 2 Cir. 4/5/17), 218 So.3d 256. Article 561 provides that abandonment is self-executing; it occurs automatically once three years passes and neither party has taken a step in the prosecution or defense of the case. Clark , supra ; Allen , supra .
A "step" in the prosecution or defense of an action is any formal action intended to hasten the matter to judgment. James v. Formosa Plastics Corp. of La. , 2001-2056 (La. 4/3/02), 813 So.2d 335 ; Countrywide Home Loans, Inc. v. Estate of Rowe , 51,489 (La. App. 2 Cir. 6/21/17), 224 So.3d 1152. Actions taken by courts do not interrupt the abandonment period because they are not actions in the prosecution or defense of the action taken by the parties in the trial court as required by La. C.C.P. art. 561. James , supra ; Edwards v. Chrysler Motor Co. , 2007-0326 (La. App. 1 Cir. 2/8/08), 984 So.2d 85.
There are two jurisprudential exceptions to the abandonment rule-a plaintiff can demonstrate that his or her failure to prosecute was caused by circumstances beyond the plaintiff's control (contra non valentem ) or can establish that the defendant waived his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, supra ; Wolf Plumbing, Inc. v. Matthews , 47,822 (La. App. 2 Cir. 9/25/13), 124 So.3d 494, 497, writ denied , 2013-2510 (La. 1/17/14), 130 So.3d 949, and writ denied , 2013-2516 (La. 1/17/14), 130 So.3d 950.
While art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit, abandonment balances two policy considerations: one, that every litigant should have his day in court, unimpeded by technical carelessness or unavoidable delay; and two, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. Clark , supra . Whether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis; by contrast, whether a particular act, if proven, impedes abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct. Allen , supra .
In his first assignment of error, Martin asserts that the trial court erred in determining that the last step in the prosecution of the case occurred in March 2014, when either National City filed its notice of intent to apply for supervisory writs or the trial court signed the same. We disagree. The notice of intent to apply for supervisory writs filed by National City on March 21, 2014, was clearly a step taken by National City in defense of the action. It was filed into the record of the trial court, and it was taken within three years of the last step taken by either party, which was a reply memorandum filed by National City on March 11, 2014, in support of its motion for summary judgment.[3]
*148 The next "step" occurred on September 29, 2017, when Martin filed his request to schedule a status conference and issued a notice of deposition; however, this was not within three years of the last step taken by either party, i.e. , National City's March 21, 2014, notice of intent to apply for supervisory writs. Therefore, the three-year abandonment period had already run at the time of Martin's September 29 filing. Abandonment occurs automatically and cannot be cured by Martin's post-abandonment actions. See Clark , supra at 789 ; Allen , supra at 259.
Furthermore, this court's denial of National City's application for supervisory writ on May 29, 2014, did not interrupt the abandonment period simply because it was an action taken by the court rather than a step taken by Martin or National City to hasten the matter to trial. See James , supra at 340-341. The trial court correctly determined that the last step in the prosecution or defense taken by either party in the suit occurred on March 21, 2014, when National City filed its notice of intent to apply for supervisory writs. This assignment of error is without merit.
In his second assignment of error, Martin asserts that the trial court erred in not finding that the three-year abandonment period commenced on October 3, 2014, when National City's application for writ of certiorari was denied. As the basis for this assignment of error, Martin argues that the trial court should have applied the "plaintiff-oriented" exception because he was prevented from taking any steps in the prosecution of his action while National City's writ application to the supreme court was pending. We disagree.
In support of his argument, Martin relies on the fourth circuit case Causey v. Caterpillar Mach. Corp. , 2002-0746 (La. App. 4 Cir. 6/26/02), 822 So.2d 188. In Causey , the plaintiff filed a personal injury lawsuit against multiple defendants. Caterpillar, one of the defendants, sought supervisory review of a trial court ruling denying its motion to dismiss the lawsuit on the basis of abandonment. Its notice of intent to apply for supervisory writs was filed into the trial court record on September 1, 1998. The fourth circuit denied Caterpillar's writ application on November 24, 1998. No further activity occurred in the proceeding until October 16, 2001, when Causey filed a motion to set for trial. Caterpillar then filed another motion to dismiss on the grounds of abandonment on January 18, 2002, which was denied by the trial court. The court concluded that Caterpillar's filing of its notice of intent was a "step" in the case, but it also held that the three-year abandonment period was interrupted until the date the appellate court denied the writ application and did not commence to run until after that date. Id. at 192-193. The court reasoned that because it was the defendant who filed the writ application, the plaintiff was effectively prevented from taking his next step in the prosecution-setting the case for trial-until the appellate court denied the writ application. Id. at 193. The court noted that there was no question that Caterpillar would not have proceeded to trial while its writ application was pending in the appellate court or that the trial court or the appellate court would have required it to do so. Id. at 193.
This case is distinguished from Causey , where the court found that the motion to set for trial was likely the only step left for the plaintiff to take in the action. That is not the situation here. Based on Martin's September 29, 2017, notice of deposition, Martin clearly thought there was another step left to take to further his action before setting the matter for trial, i.e. , taking the deposition of National City's expert. National City's pending writ application *149 did not make it impossible for him to take that step, a step which Martin could have taken at any point within the three-year abandonment period. While Martin may be correct in arguing that National City likely would not have complied with any discovery or deposition request while its writ was pending, this assumption does not relieve Martin of his duty to take steps toward hastening his action to trial or, moreover, make it impossible for him to do so. The record reflects there was no stay order in place while National City's writ was pending. Had National City not wished to participate in any discovery or depositions while its writ application was pending, the burden would have been on it to request a stay or seek a protective order based on the assertion of undue burden and expense. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court, which dismissed as abandoned pursuant to La. C.C.P. art. 561 the action brought by Timothy Martin against National City Mortgage Company. All costs of appeal are assessed to Martin.
AFFIRMED.

The writ of certiorari application does not appear in the record, but is reported at 2014-1362 (La. 10/3/14), 149 So.3d 797. The June 27, 2014, filing date, however, was provided by National City in the timeline set forth in its motion to dismiss.

The trial court's written ruling states the case was abandoned as of March 26, 2017. This date is likely erroneous as there is no action corresponding with that date in March of 2014. In accordance with the substance of its ruling, the trial court likely meant, instead, that the action was abandoned as of March 21, 2017.

National City's timeline set forth in its motion to dismiss provides the last step taken by either party prior to the trial court's ruling on National City's motion for summary judgment was the oral argument on the motion which occurred on March 10, 2014.