Judgment rendered October 12, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,749-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LUCINDA JOHNSTON,                           Plaintiff-Appellant
INDIVIDUALLY AND ON
BEHALF OF HER MOTHER,
RANDA LOU HOLLIS

versus

CLD, INC. D/B/A GREEN                       Defendant-Appellee
MEADOW HAVEN NURSING
HOME

* * * * *

Appealed from the
Thirty-Ninth Judicial District Court for the
Parish of Red River, Louisiana
Trial Court No. 36,986

Honorable Luke D. Mitchell, Judge

* * * * *

KOSMITIS BOND, APLC                         Counsel for Appellant
By:  Georgia P. Kosmitis

LUNN IRION LAW FIRM, LLC                    Counsel for Appellee
By:  Alexander J. Mijalis

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

The plaintiff, Lucinda Johnston, appeals a judgment in favor of the defendant, CLD, Inc., d/b/a Green Meadow Haven Nursing Home, dismissing her claims as abandoned. The trial court found the action was abandoned because no step in the prosecution of the matter appeared in the record for a period of three years. For the following reasons, we affirm.

## FACTS

The record shows Randa Hollis was a patient of CLD, Inc., d/b/a Green Meadow Haven Nursing Home ("CLD"). During her stay, Hollis developed severe pressure injuries to her heels, buttocks and sacrum, along with infections, dehydration and malnutrition. Hollis was later transferred to Ringgold Nursing Home.

In September 2017, the plaintiff, Lucinda Johnston, who is the daughter of Hollis, filed a petition for damages against the defendant, CLD, which filed an answer. In November 2017, CLD made a settlement offer. Plaintiff, who was trying to resolve claims against the Ringgold Nursing Home, did not accept the offer. Plaintiff then served defendant with written discovery and in March 2018, filed an amended petition. On March 14, 2018, defendant filed an answer to the amended petition. This answer was the last document filed in the district court record prior to August 11, 2021, when defendant filed a motion to dismiss based on abandonment. Plaintiff opposed the motion and filed a motion to vacate the order of dismissal.

After a hearing, the trial court granted the motion for dismissal based upon abandonment. The trial court found plaintiff failed to show she was prevented by circumstances beyond her control from taking a step in the prosecution of the action. The trial court rendered judgment granting

defendant's motion to dismiss for abandonment, denying plaintiff's motion to vacate and dismissing plaintiff's claims without prejudice. Plaintiff appeals the judgment.

## DISCUSSION

The plaintiff contends the trial court erred in finding her claims were abandoned. Plaintiff argues the trial court should have applied the contra non valentem exception precluding abandonment because she was prevented from prosecuting the case due to circumstances beyond her control.

An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561(A). Upon ex parte motion of any party providing that no step in prosecution of the action has been timely taken, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. C.C.P. art. 561(A)(3). Any formal discovery served on all parties whether or not filed of record, including the taking of a deposition, shall be deemed to be a step in the prosecution or defense of an action. La. C.C.P. art. 561(B).

To avoid abandonment of a legal action: (1) a party must take some step in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the lawsuit; and (3) the step must be taken within three years of the last step taken by either party. *Fowler v. McKeever*, 52,754 (La. App. 2 Cir. 6/26/19), 277 So. 3d 1238. Abandonment of an action is self-executing; it occurs automatically once three years have passed and neither party has taken a step in the prosecution or defense of the case. *Martin v. National City Mortgage Co.*, 52,371 (La. App. 2 Cir. 11/14/18), 261 So. 3d 144.

2

A "step" in the prosecution or defense of the case is any formal action intended to hasten the matter toward judgment. *Martin, supra.* There are two jurisprudential exceptions to the abandonment rule. A plaintiff can demonstrate that her failure to prosecute was caused by circumstances beyond plaintiff's control (contra non valentem) or can establish defendant waived his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. *Clark v. State Farm Mutual Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So. 2d 779.

All prescriptions and abandonment periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020. However, this suspension or extension shall apply only if these periods would have otherwise expired during the time period of March 17-July 5, 2020. La. R.S. 9:5829(A).

In this case, plaintiff asserts she was prevented from prosecuting the case by the governor's Covid-19 emergency orders. We note that although these orders upset deadlines prescribed by the Louisiana Code of Civil Procedure and Civil Code, the abandonment date of this litigation, March 14, 2021, falls outside the scope of each of the orders cited by plaintiff. In addition, under R.S. 9:5829, any suspension of abandonment was limited to the period from March 17, 2020, through July 5, 2020, and such suspension applied only if the abandonment period would have otherwise expired within those dates. Since abandonment in this case did not occur between March 17-July 5, 2020, the governor's orders are not relevant to plaintiff's ability to have taken some step to hasten this matter toward judgment.

Plaintiff contends the trial court erred in failing to apply the contra non valentem exception to this case. Contrary to her contention, plaintiff

cannot rely on this exception because she failed to show how the orders of the governor or the supreme court prevented her from taking a step to prosecute her claim. None of those orders prevented her from filing motions or conducting discovery.

Plaintiff points out nursing homes were closed to visitors until some time in 2021, but there is no showing by plaintiff such a no-visit policy prevented her from deposing nursing home staff during the abandonment period. To the contrary, plaintiff acknowledges in her brief that she could have scheduled depositions of witnesses after July 2020, but failed to do so. Further, the prohibition of civil jury trials until March 1, 2021, was not a factor preventing plaintiff from taking a step to prosecute her claim. The record shows plaintiff still needed to complete discovery and she could have taken a step to seek discovery without obtaining a jury trial setting.

Plaintiff also argues abandonment should not apply in this case because she was trying to settle two cases at the same time. This court has previously stated that extra judicial efforts such as settlement negotiations among parties have consistently been found inadequate to constitute a step which interrupts abandonment. *Allen v. Humphrey*, 51,331 (La. App. 2 Cir. 4/5/17), 218 So. 3d 256. Plaintiff's desire to settle these cases jointly was her own choice and she admits any such settlement negotiations had failed by April 2020, leaving her time to act in prosecuting her case prior to the abandonment date of March 14, 2021.

Based upon this record, the plaintiff has failed to demonstrate she was prevented, by circumstances beyond her control, from taking a step in the prosecution of her case during the abandonment period from March 2018 to March 2021. Thus, the contra non valentem exception is not applicable to

4

avoid abandonment in this case. Consequently, the trial court did not err in granting the defendant's motion to dismiss based on abandonment of the action. The assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Lucinda Johnston.

**AFFIRMED.**